**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4115-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LENNY ROSS, a/k/a RASHAAD R.
ROSS, LAENNY R. JR., LAENNY
R. ROSS and LAENNY R.
ROSS, JR.,

    Defendant-Appellant.

_____

        Submitted April 9, 2018 — Decided June 12, 2018

        Before Judges O'Connor and Vernoia.

        On appeal from Superior Court of New Jersey,
        Law Division, Atlantic County, Indictment No.
        12-11-2560.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Seon Jeong Lee, Designated
        Counsel, on the brief).

        Damon G. Tyner, Atlantic County Prosecutor,
        attorney for respondent (Mario C. Formica,
        Deputy First Assistant Prosecutor, of counsel
        and on the brief).

PER CURIAM

After a jury was selected in his trial on an indictment charging him with eleven crimes, including murder and various drug and weapons offenses, defendant Lenny Ross pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), in exchange for the State's agreement to dismiss the remaining charges and not seek an extended term sentence. The court imposed a thirty-year sentence subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant appealed his sentence and, after hearing argument on the excessive sentencing calendar, R. 2:9-11, we affirmed. State v. Ross, No. A-4886-13 (App. Div. Oct. 1, 2014) (slip op. at 1). The Supreme Court denied defendant's petition for certification. State v. Ross, 223 N.J. 354 (2015).

In a timely-filed post-conviction relief (PCR) petition, defendant alleged, among other things, that trial counsel was ineffective by discouraging defendant from standing trial and encouraging defendant to plead guilty, advising defendant he would receive a fifteen-year sentence if he pleaded guilty to aggravated manslaughter, failing to investigate and present arguments supporting defendant's motion to withdraw his guilty plea, and failing to present evidence supporting mitigating factors under N.J.S.A. 2C:44-1(b) at sentencing. Defendant also asserted his appellate counsel was ineffective by failing to make available arguments on appeal.

The PCR court heard oral argument and, in a written opinion, found defendant failed to establish a prima facie case of ineffective assistance of counsel. The court entered an order denying the PCR petition without an evidentiary hearing.

Defendant appealed, and presents the following argument for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING AN EVIDENTIARY HEARING BECAUSE DEFENDANT HAS ESTABLISHED A PRIMA FACIE CLAIM THAT BUT FOR TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE IN PREPARING FOR TRIAL AND MISADVICE ON THE SENTENCE HE WOULD RECEIVE WITH THE OPEN PLEA HE WOULD NOT HAVE PLED GUILTY IN THIS CASE.

We have considered the argument in light of the record and applicable legal standards. We affirm.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard of review applies to mixed questions of fact and law. Ibid. Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ." Id. at 421.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee

3

a criminal defendant "the right to the effective assistance of counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)). In Strickland, the Court established a two-part test, later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), to determine whether a defendant has been deprived of the effective assistance of counsel. Strickland, 466 U.S. at 687. Under the first prong of the Strickland standard, a petitioner must show counsel's performance was deficient. Ibid. It must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness," id. at 688, and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," id. at 687.

Under the second prong of the Strickland standard, a "defendant must show that the deficient performance prejudiced the defense." Ibid. A defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the context of a PCR petition challenging a guilty plea based on the ineffective assistance of counsel, the second prong is established when the defendant demonstrates a "reasonable

probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial," State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)), and that "a decision to reject the plea bargain would have been rational under the circumstances," Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

A petitioner must establish both prongs of the Strickland standard to obtain a reversal of the challenged conviction. Strickland, 466 U.S. at 687; Nash, 212 N.J. at 542; Fritz, 105 N.J. at 52. A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition. Strickland, 466 U.S. at 700.

Defendant argues the PCR court erred by finding he failed to establish a prima facie case of ineffective assistance of his trial counsel, and by denying his petition without an evidentiary hearing. He contends trial counsel changed his mind about the strength of the State's case following jury selection, encouraged defendant to accept the State's plea offer, advised defendant he would receive a fifteen-year sentence and pressured defendant to plead guilty.

In our consideration of a PCR petition, we must "evaluate the sufficiency of a belated claim of misadvice before granting a

hearing.  In so doing, [we] should examine the transcripts of the plea colloquy and sentencing hearing[.]"  State v. Gaitan, 209 N.J. 339, 381 (2012).  "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.  Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."  Lee v. United States, 137 S. Ct. 1958, 1967 (2017) (emphasis in original).  "Generally, representations made by a defendant . . . concerning the voluntariness of the decision to plead, . . . constitute a 'formidable barrier' which defendant must overcome."  State v. Simon, 161 N.J. 416, 444 (1999) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).  "That is so because [defendant's] '[s]olemn declarations in open court carry a strong presumption of verity.'"  Ibid. (quoting Blackledge, 431 U.S. at 74.)

Defendant's claims are contradicted by the evidentiary record.  During his plea colloquy, defendant testified he was not forced by anyone to plead guilty, understood he would be sentenced between ten and thirty years, and that he reviewed the plea papers with his counsel, understood them, and signed them.  In the plea form, defendant represented that he understood he would be sentenced on the aggravated manslaughter charge to a term in the court's discretion, that no "promises or representations," other

than those listed in the plea form, were made to him by "the prosecutor, [his] defense attorney, or anyone else," and that no threats were made causing him to plead guilty. He also represented he was satisfied with the advice he received from counsel.

"[I]t does not appear to us that anything in the record available would support [defendant's] version of" his counsel's alleged misadvice, State v. Santos, 210 N.J. 129, 144 (2012), and the record, in fact, contradicts defendant's assertions. A defendant's "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge, 431 U.S. at 74; cf. State v. Jones, 219 N.J. 298, 315 (2014) (requiring a hearing where "the record is entirely compatible with defendant's claim").

Here, defendant's plea colloquy and execution of the plea form undermine and contradict his PCR claims he was misinformed about the sentence he would receive, promised he would receive a fifteen-year sentence, or pressured into pleading guilty. His "[s]olemn declarations in open court [when he entered his plea] carry a strong presumption of verity," Simon, 161 N.J. at 444 (quoting Blackledge, 431 U.S. at 74), and require rejection of his claim that his counsel's advice encouraging him to accept the plea following jury selection was deficient.

Moreover, although defendant argues counsel changed his mind about the strength of the State's case following jury selection and encouraged defendant to accept the State's plea offer, defendant does not present any evidence showing counsel's judgment was incorrect, "fell below an objective standard of reasonableness" or constituted an "error[] so serious that counsel was not functioning as the 'counsel' guaranteed . . . defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. Thus, defendant failed to demonstrate counsel's alleged belated advice about the strength of the State's case and encouraging him to accept the State's plea offer constituted constitutionally deficient performance under the first prong of the Strickland standard.

Defendant also did not present any evidence showing he suffered prejudice from counsel's alleged belated realization about the strength of the State's case, and advice that defendant plead guilty. Defendant's verified petition and supplemental certification supporting his request for PCR are bereft of any showing of a reasonable probability that, but for his counsel's alleged error in belatedly recognizing the strength of the State's case, defendant "would not have pled guilty and would have insisted on going to trial," DiFrisco, 137 N.J. at 457, or that it "would have been rational under the circumstances" to reject the plea

A-4115-16T4

offer and proceed to trial, Padilla, 559 U.S. at 372. Thus, defendant failed to satisfy the second prong of the Strickland standard on his claim that his attorney was ineffective by advising him to accept the State's plea offer.

Defendant also alleges his counsel was ineffective because the State offered defendant a nine-year plea offer at a "plea negotiation conference," but counsel advised defendant the State did not have a strong case and defendant should proceed to trial. The record does not include a transcript of a plea negotiation conference at which a nine-year plea offer was communicated to defendant, and defendant does not provide any details concerning the offer such as the crime to which defendant would have been required to plead. The only record on appeal showing an offer, other than the plea offer defendant accepted following jury selection, is the court's final pretrial order, which states the State's plea offer included a recommendation that defendant receive a life sentence.

In any event, even accepting defendant's claim the State communicated a plea offer of nine years at some point during the proceedings and counsel advised defendant not to accept the offer, defendant failed to sustain his burden of presenting evidence that counsel's advice was erroneous under the circumstances or that his performance was deficient. Absent such evidence, we will not

assume counsel's advice "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; see also State v. Hess, 207 N.J. 123, 147 (2011) (finding there is a "strong presumption" that counsel acted with competence).

Defendant's petition and supporting certification also fail to present facts establishing that but for counsel's alleged erroneous advice to reject the putative nine-year plea offer, there is a reasonable probability the result of the proceeding would have been different. Strickland, 466 U.S. at 694. Defendant fails to satisfy Strickland's second prong because his petition and supporting certification are devoid of any facts showing that if his counsel had advised him to accept the alleged nine-year plea offer, he would have done so. See Jones, 219 N.J. at 312 (citation omitted) (finding PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity," the "facts sufficient to demonstrate counsel's alleged substandard performance"). Thus, defendant failed to establish he was prejudiced by his counsel's purported misadvice to reject the alleged nine-year plea offer.

We are therefore satisfied defendant failed to sustain his burden under both prongs of the Strickland standard. The PCR

court correctly concluded defendant failed to demonstrate a prima facie case of ineffective assistance of trial counsel.[1]

We also reject defendant's claim the court erred by failing to conduct an evidentiary hearing. A hearing is required when a defendant establishes a prima facie case for PCR under the Strickland standard and the existing record is inadequate to resolve defendant's claim. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). Here, the record before the PCR court provided an adequate basis for its finding defendant did not establish a prima facie case of ineffective assistance of counsel and therefore an evidentiary hearing was not required.

---

[1] Defendant does not argue the PCR court erred by rejecting his contention that appellate counsel was constitutionally ineffective. An issue not briefed on appeal is deemed waived. Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008); Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001). Nevertheless, there was no showing before the PCR court that appellate counsel failed to make available meritorious arguments on defendant's direct appeal, and appellate counsel's failure to raise meritless arguments does not render his performance constitutionally deficient. See, e.g., State v. Morrison, 215 N.J. Super. 540, 548-49 (App. Div. 1987) (finding appellate counsel does not have a constitutional duty to assert frivolous arguments requested by defendant); see also State v. O'Neal, 190 N.J. 601, 619 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . .").

Defendant's remaining arguments are without merit sufficient to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION