773 A.2d 1170 (2001)
340 N.J. Super. 94
Allen ZAVODNICK, Plaintiff-Appellant/Cross-Respondent,
v.
Lawrence A. LEVEN, Defendant-Respondent/ Cross-Appellant, and
George Rios, Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted February 27, 2001.
Decided April 27, 2001.
*1171 Orloff, Lowenbach, Stifelman & Siegel, Roseland, for appellant/cross-respondent (Samuel Feldman, on the brief).
Fuchs, Altschul, Greenberg, Sapin & Leven, Jersey City, for respondent/cross-appellant (Robert Fuchs, on the brief).
Before Judges SKILLMAN, CONLEY and LANDAU.
The opinion of the court was delivered by *1172 SKILLMAN, P.J.A.D.
The issue presented by this appeal is whether the enforcement of a judgment creditor's charging lien on a partner's interest in partnership property and profits, obtained under the provisions of the Uniform Partnership Law, N.J.S.A. 42:1-1 to -43, is subject to the limitation on executions provided by N.J.S.A. 2A:17-56. We conclude that a partner's distributive share of partnership profits is a "profit" within the intent of N.J.S.A. 2A:17-56, and that the enforcement of a charging lien on that profit is subject to the ten percent limitation on executions provided thereunder. Consequently, a court order is required for a judgment creditor to collect more than ten percent of a partner's share of partnership profits.
Plaintiff Allen Zavodnick and defendant Lawrence Leven are both attorneys. At one time defendant was an associate in a law practice owned and operated by plaintiff. In May 1988, defendant and another associate, codefendant George Rios, left plaintiff's firm, taking a substantial number of case files and client information cards with them. Plaintiff asserted claims against both defendants for the work he had performed on the files removed from his office and a claim against Leven for repayment of loans. The parties eventually agreed to submit both claims to arbitration.
The arbitrator awarded plaintiff $140,601 for legal fees jointly owed to him by both defendants, $76,000 for loans he had made to Leven, and $10,000 in "special damages," and the Law Division subsequently entered final judgment confirming the award. On appeal, we set aside the award of $10,000 in "special damages" in an unpublished opinion, but affirmed the judgment in all other respects. Zavodnick v. Leven, A-5380-94T2 (Mar. 28, 1996). Plaintiff has collected the part of the arbitration award representing his legal work. However, the part of the award representing repayment of the $76,000 in loans to Leven plus interest thereon remains unpaid.
Leven is now a partner in a law firm operating under the name Fuchs, Altschul, Greenberg, Sapin and Leven. Plaintiff filed a motion to charge Leven's interest in the law firm with payment of the outstanding amount of the judgment. On November 8, 1999, the trial court granted the motion and directed the law firm to distribute to plaintiff all sums due to Leven, "except such monies that are legally exempt from execution under the laws of the State of New Jersey."
A dispute subsequently developed as to whether this order required the law firm to distribute to plaintiff all moneys due Leven or only ten percent of those sums, as provided under N.J.S.A. 2A:17-56. After an exchange of correspondence between plaintiff and the law firm debating this legal point, plaintiff filed a motion in aid of litigant's rights for an order requiring the law firm to pay him the full amount of a $17,280 distribution made to Leven subsequent to entry of the November 8, 1999 order as well as the full amount of all future distributions payable to Leven. Leven filed a cross-motion seeking clarification or modification of the November 8, 1999 order. One of the firm's partners submitted a certification in support of the cross-motion which stated that all money the firm distributes to plaintiff constitutes "income derived from net profits."
The trial court concluded that the charging lien did not entitle plaintiff to collect all money the law firm is obligated to distribute to Leven until the judgment is satisfied. The court ruled that the wage execution statute "modifies and limits the extent to which a judgment creditor can enforce a charging lien[.]"
*1173 Plaintiff appeals from the order memorializing this ruling. Plaintiff argues that Leven's cross motion resulting in entry of the order on appeal was filed beyond the time allowed under Rule 4:49-2. Plaintiff also argues that a charging order against a partner entered in accordance with the Uniform Partnership Law is not subject to the limitation on executions provided by N.J.S.A. 2A:17-56. Leven cross appeals from the denial of his application for counsel fees.
We conclude that Leven's motion for clarification of the terms of the charging order entered on November 8, 1999 was timely, and that the trial court correctly determined that the charging order on partnership distributions to Leven is subject to the limitation on executions provided by N.J.S.A. 2A:17-56. We also reject Leven's cross appeal from the denial of counsel fees. However, the language of the order entered by the trial court is too broad. Accordingly, the case must be remanded for entry of an amended order that modifies the relief granted to Leven. Subject to this modification, the order on appeal is affirmed.
Plaintiff's argument that Leven's motion was untimely is without merit. The November 8, 1999 charging order provided in relevant part "[t]hat the partnership... [is] ... directed to pay to [plaintiff]... all monies (or other property) due now or hereafter to be paid to ... Leven by said partnership, except such monies that are legally exempt from execution under the laws of the State of New Jersey [.]" (Emphasis added). The order did not indicate what monies due Leven from the partnership "are legally exempt from execution under the laws of the State of New Jersey." Plaintiff interpreted the order to mean that the law firm was required to pay him the full amount of Leven's share of partnership profits, while Leven and the law firm construed "monies ... legally exempt from execution" to include, in accordance with N.J.S.A. 2A:17-56, any amount in excess of ten percent of Leven's partnership profits. The resolution of this dispute obviously required interpretation or clarification of the November 8, 1999 order. Such a motion may be filed at any time, without regard to the time limitations on a motion for reconsideration (R. 4:49-2) or a motion to vacate a judgment (R. 4:50-2). Cf. Securities & Exchange Comm'n v. Hermil, Inc., 838 F.2d 1151, 1153 (11th Cir.1988) (noting that a court's power to enforce an order includes "the power to construe and interpret the language of the original order."). Therefore, we proceed to the merits of the parties' dispute concerning the scope of the exemption from execution provided by the Uniform Partnership Law.
The Uniform Partnership Law was approved by the Conference of Commissioners on Uniform State Laws in 1914, Unif. P'ship Act § 1-45 (1914), and enacted in New Jersey in 1919. L. 1919, c. 212.[1] Section 28 of the Law, which was adopted verbatim in New Jersey as N.J.S.A. 42:1-28, established a "charging order" as the method by which a judgment creditor of a partner may enforce the judgment. FDIC v. Birchwood Builders, Inc., 240 N.J.Super. 260, 266-67, 573 A.2d 182 (App. Div.), certif. denied, 122 N.J. 317, 585 A.2d 337 (1990). N.J.S.A. 42:1-28(1) provided:

*1174 On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require.
As one commentator has observed, section 28 contemplated that "the primary method for satisfying the creditor's judgment shall be by means of an order diverting the debtor partner's share of the profits to his creditor in a manner somewhat like that used in garnishment proceedings." J. Gordon Gose, The Charging Order Under the Uniform Partnership Act, 28 Wash. L.Rev. 1, 10 (1953); see also City of Arkansas City v. Anderson, 242 Kan. 875, 752 P.2d 673, 681-84 (1988).
A judgment creditor's right to enforce a judgment through a charging order on a partner's share of partnership profits is subject to a significant limitation. N.J.S.A. 42:1-28(3) provided:
Nothing in this chapter shall be held to deprive a partner of his right, if any, under the exemption laws, as regards his interest in the partnership.
The Uniform Partnership Law does not contain any definition of the term "exemption laws." However, this term was obviously intended to refer to "exemptions" contained in other statutory provisions, because the Partnership Law itself does not contain any exemption provisions.
One statutory exemption from execution is set forth in N.J.S.A. 2A:17-19, which provides in pertinent part:
Goods and chattels, shares of stock or interests in any corporation and personal property of every kind, not exceeding in value, exclusive of wearing apparel, $1,000.00, and all wearing apparel, the property of a debtor shall be reserved both before and after his death, for his use or that of his family or his estate, and shall not be liable to be seized or taken by virtue of any execution or civil process whatever, issued out of any court of this State.
Plaintiff concedes that its charging order against Leven's distributive share of his law firm's profits would be subject to this exemption, because the Partnership Law describes a partner's interest in the partnership profits as "personal property." N.J.S.A. 42:1-26.
The issue in this case is whether the "exemption laws" that N.J.S.A. 42:1-28(3) allows a debtor partner to invoke also include N.J.S.A. 2A:17-56, which provides:
In no case shall the amount specified in an execution issued out of any court against the wages, debts, earnings, salary, income from trust funds or profits due and owing, or which may thereafter become due and owing to a judgment debtor, exceed 10%, unless the income of such debtor shall exceed the sum of $7,500.00 per annum, in which case the court out of which the execution shall issue may order a larger percentage.
We agree with plaintiff's contention that the law firm's distributions to Leven do not constitute "wages" or "salary." In fact, the partner's certification submitted in support of Leven's cross-motion stated that "[t]he only monies that Mr. Leven receives from the partnership is income derived from net profits." However, even *1175 though N.J.S.A. 2A:17-56 is part of what is sometimes referred to as the "wage execution statute," Greate Bay Hotel & Casino v. Guido, 249 N.J.Super. 301, 302, 592 A.2d 319 (App.Div.1991), it applies by its express terms not only to "wages" but also to "debts, earnings, salary, income from trust funds" and, directly pertinent to this case, "profits due and owing, or which may thereafter become due and owing to a judgment debtor[.]" Although the distributions to Leven from partnership profits are not "wages," they are unquestionably "profits due and owing."
Moreover, we perceive no reason why the "exemption laws" that may be invoked in response to an application for a charging order under N.J.S.A. 42:1-28 should exclude the limitation upon executions on "profits" provided by N.J.S.A. 2A:17-56. A partner's periodic receipt of distributions from a partnership engaged in a professional practice plays substantially the same role in the partner's economic life as an employee's wages. The partner typically depends on such distributions to purchase food, shelter, and other necessities for himself and his family. If Leven were an associate rather than a partner in the Fuchs, Altschul law firm, any wage garnishment clearly would be subject to the limitations of N.J.S.A. 2A:17-56. Similarly, if Leven were a sole practitioner, the income that he derived from his practice would constitute "earnings" within the intent of N.J.S.A. 2A:17-56. Therefore, we conclude that distributions from the partnership through which Leven has chosen to practice his profession are subject to the same limitation on executions under N.J.S.A. 2A:17-56 as an employee's wages or a sole proprietor's earnings.
Although the trial court correctly concluded that Leven is entitled to rely on the exemption from execution provided by N.J.S.A. 2A:17-56, the language of the court's order must be modified. That order declares that partnership distributions to Leven are "subject to state and federal wage execution laws," and "shall be deemed to be wages and earnings that are in part exempt from execution under state and federal law[.]" However, as previously discussed, the partnership distributions are "profits," not "wages." Moreover, Leven has not shown that there is any federal law that exempts such distributions from execution. Accordingly, the fourth, fifth, and sixth decretal paragraphs of the March 10, 2000 order must be modified to provide that Leven is only entitled to rely upon N.J.S.A. 2A:17-56's limitation upon distributions from the partnership for satisfaction of the judgment held by plaintiff.
Our conclusion that plaintiff's charging lien against Leven's partnership profits is subject to N.J.S.A. 2A:17-56 does not necessarily mean that plaintiff is entitled to collect only ten percent of those profits. N.J.S.A. 2A:17-56 provides that if a judgment debtor's income exceeds $7,500 per year, "the court out of which the execution shall issue may order a larger percentage." If plaintiff seeks relief under this provision, the trial court will be required to strike an equitable balance between the interests of the judgment creditor and debtor, taking into consideration the economic circumstances of Leven and his family, the size of the judgment, the length of time it has remained unpaid, the efforts Leven has made to satisfy his obligations under the judgment,[2] and any other circumstances the court finds relevant.
*1176 Although Leven cross-appealed from the denial of his application for an award of counsel fees, he does not present any argument relating to that denial. Thus, his cross-appeal must be considered abandoned. See Carter v. Carter, 318 N.J.Super. 34, 42 n. 8, 722 A.2d 977 (App. Div.1999). However, Leven argues that he should be awarded counsel fees for services performed in connection with this appeal. Leven relies upon what is sometimes called the Frivolous Litigation Act, N.J.S.A. 2A:15-59.1, which authorizes an award of counsel fees if the judge finds that "a complaint, counterclaim, crossclaim or defense of the nonprevailing person was frivolous." N.J.S.A. 2A:15-59.1a(1). It should be clear from the preceding discussion that the issue presented by this appeal is not frivolous. In any event, the Frivolous Litigation Act does not apply to a frivolous appeal. Cf. Lewis v. Lewis, 132 N.J. 541, 545, 626 A.2d 422 (1993) (holding that the statute does not apply to a frivolous motion because it refers only to a frivolous "complaint, counterclaim, cross-claim or defense").
Accordingly, as modified, the order of the trial court is affirmed. The case is remanded to the trial court for entry of an amended Order in conformity with this opinion. On remand, plaintiff may move for an order directing the partnership to pay him more than ten percent of Leven's distributive share of partnership profits.
NOTES
[1] A revised Uniform Partnership Law was approved by the Conference of Commissioners on Uniform State Laws in 1997, Unif. P'ship Act §§ 101-1211 (1997), and enacted in New Jersey in 2000. L. 2000, c. 161. The revised law does not appear to have made any substantive changes in the sections of the Uniform Partnership Act involved in this appeal, which were repealed effective December 8, 2000. L. 2000, c. 161, § 60. The successor to the former N.J.S.A. 42:1-28 in the new Partnership Act is N.J.S.A. 42:1A-30.
[2] We note that although the record indicates that the award to plaintiff of $140,601 for work performed on the files removed from his office has been paid, it does not indicate when that payment was made, or whether it was paid by Leven, codefendant Rios, or both defendants.