**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2772-15T1

CORPORATE REALTY SERVICES, LLC,

     Plaintiff,

v.

KATHLEEN CROGHAN,

     Defendant/Third-Party
     Plaintiff-Respondent,

and

LISA GERSTMANN-BOYLE,

     Defendant/Third-Party
     Plaintiff,

v.

JOSEPH CROGHAN and KRONER
CONTRACTING, d/b/a KRONER C&C, LLC,

     Third-Party Defendants-
     Appellants,

and

STEVEN CRIVELLO,

     Third-Party Defendant.

_____

Submitted February 26, 2018 — Decided July 10, 2018

Before Judges Messano and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1433-15.

Santo V. Artusa, Jr., attorney for appellants.

Judith L. Rosenthal, attorney for respondent.

PER CURIAM

Third-party defendant Joseph Croghan (Joseph)[1] appeals from a December 8, 2015 order suppressing his answer and affirmative defenses to the third-party complaint pursuant to Rule 4:23-2(b), and a February 5, 2016 final order entering judgment against him. Because we are satisfied the court did not abuse its discretion by suppressing Joseph's answer to the third-party complaint, we affirm.

I.

Third-party plaintiff Kathleen Croghan (Kathleen) and Joseph were married and then divorced years before the events giving rise to the present litigation. In 2014, they were embroiled in an Essex County post-judgment matrimonial action over Joseph's obligation to contribute to their child's college expenses.

---

[1] Because third-party plaintiff Kathleen Croghan and third-party defendant Joseph Croghan share a surname, we refer to them by their first names. We intend no disrespect in doing so.

A-2772-15T1

Kathleen and her friend Lisa Gerstmann-Boyle conducted Google searches to determine if Joseph had assets or income he failed to report in the matrimonial action.  As a result of their Google searches, they discovered checks totaling $127,246 that were issued by Corporate Realty Services, LLC (CRS), a company owned by Joseph's close friend Steven Crivello, to Kroner Contracting, LLC (Kroner), a company Joseph owned.  Kathleen submitted copies of the checks to the court in the matrimonial action, arguing they showed Joseph failed to fully disclose his actual income.

In September 2014, CRS filed a verified complaint alleging Kathleen and Gerstmann-Boyle violated various federal and state statutes and engaged in tortious conduct by hacking into CRS's computer network.  CRS sought temporary restraints barring Kathleen and Gerstmann-Boyle from using or disclosing information they obtained from their Google searches, but the court denied the request.

Kathleen and Gerstmann-Boyle filed an answer to the complaint.  Kathleen filed a counterclaim against CRS, and a third-party complaint against Joseph, Crivello and Kroner, alleging they conspired to disguise and hide income earned by Joseph for the purpose of preventing disclosure of the income in Kathleen and Joseph's post-judgment matrimonial proceedings.

CRS's claims against Kathleen and Gerstmann-Boyle were subsequently dismissed pursuant to a settlement agreement. CRS agreed to pay Kathleen and Gerstmann-Boyle $7500. Following the settlement, only Kathleen's third-party claims against Joseph and Kroner (hereinafter referred to collectively as third-party defendants) remained.

Kathleen had served third-party defendants with interrogatories and document demands, and attempted to take Joseph's deposition. In April 2015, Kathleen first moved to compel discovery, requesting an order directing that third-party defendants provide full and complete responses to certain interrogatories and document demands, and that Joseph appear for a deposition. In a May 7, 2015 order, the court granted the motion in part and denied it in part as to the responses to the interrogatories and document demands, and also directed that Joseph appear for a June 29, 2015 deposition.

Kathleen subsequently served Joseph with a notice of deposition for June 29, 2015, with an attached notice to produce documents. Third-party defendants did not provide supplemental responses to the outstanding interrogatories, did not produce any documents in response to the notice to produce that was attached to the deposition notice, and unilaterally adjourned the court-ordered June 29, 2015 deposition. Kathleen again moved to compel

third-party defendants' provision of full and complete responses to the outstanding interrogatories and document demands, and Joseph's attendance at a deposition. Kathleen also sought an award of attorney's fees.

In a July 10, 2015 order, the court directed that third-party defendants provide answers to the outstanding interrogatories and document demands. The court also directed that third-party defendants pay Kathleen's counsel fees "representing sanctions for" their "violation of the May 7, 2015 [o]rder, including legal fees incurred in having to file repeated motions to obtain discovery." The court instructed the parties to confer and agree on a date for Joseph's deposition.

The deposition was scheduled for July 23, 2015, but neither Joseph nor his counsel appeared or informed Kathleen's counsel they would not attend. On or about July 27, 2015, Kathleen filed her third motion to compel discovery, seeking an order directing third-party defendants to provide answers to interrogatories and responses to the document demands as directed in the May 7 and July 10, 2015 orders, and that Joseph appear for his deposition. Kathleen also requested an award of attorney's fees.

The judge who heard Kathleen's first two discovery motions retired, and her third motion to compel discovery was assigned to Judge Yolanda Ciccone. In August 2015, Judge Ciccone issued a

preliminary decision prior to the motion's return date, but the parties did not accept the decision and requested oral argument. The motion was subsequently assigned to Judge Margaret Goodzeit for argument and disposition.

While the motion was pending, Kathleen served third-party defendants with a second set of interrogatories and document demands. The record shows that third-party defendants never provided responses to either.

Judge Goodzeit heard argument on Kathleen's third motion to compel discovery, reviewed the transcript from the hearing on Kathleen's first motion, and determined third-party defendants failed to comply with the court's prior orders compelling responses to certain interrogatories and document demands, and failed to advise counsel that neither Joseph nor his counsel would attend the July 23, 2015 deposition. The judge entered an October 15, 2015 order finding Joseph "in violation of litigant's rights for failure to comply with the May 7, 2015 and July 2015 orders." The judge ordered that Joseph provide fully responsive answers to designated interrogatories and documents in response to designated document demands, and directed that Joseph appear for his deposition on October 29, 2015, with all of the documents requested in the notice to produce attached to the deposition notice. The court further ordered that if Joseph failed to comply with the

foregoing directives, Kathleen could file a motion on short notice requesting that third-party defendants' answer be stricken. The court also granted Kathleen's request for attorney's fees.

The parties subsequently agreed to reschedule Joseph's deposition for November 3, 2015. Joseph opted to appear and testify without his counsel. The record shows the deposition was contentious, with Joseph providing evasive answers to many of the questions, and offering commentary concerning Kathleen's counsel's questions and the merits of Kathleen's claims. Joseph insulted Kathleen, calling her a "crook," "skunk," and "that thing," and made derogatory references about Kathleen's counsel, including describing her as "scatterbrain[ed]," "stupid," "brainless," "dumb," and "the rear end of a dog." Shortly after a lunch break, he announced he was leaving the deposition at 4:00 p.m. because he had forgotten to take his heart medication that morning. A few minutes past 4:00 p.m., he left the deposition in the middle of counsel's questioning.

Kathleen subsequently filed a motion on short notice requesting the suppression of third-party defendants' answer with prejudice. After hearing argument, Judge Goodzeit issued a comprehensive written statement of reasons detailing Kathleen's attempts to obtain third-party defendants' discovery responses, and third-party defendants' provision of incomplete and non-

responsive answers to certain discovery requests and complete failure to provide responses to others in violation of the rules and the court's prior orders. The judge also described third-party defendants' failure to pay certain court-ordered sanctions and the gamesmanship they employed in their attempts to pay others.

The judge also determined that during Joseph's November 3, 2015 deposition he failed to provide any of the documents that had been requested and which the court previously ordered he produce, and he "instead cho[se] to insult Kathleen and her counsel and provid[e] evasive responses to relevant questions." The court found Joseph "unilaterally terminated his deposition prior to completion, relying on his purported health issues, which, to date, he has failed to provide any evidence of whatsoever." The court found Joseph failed to produce "a scintilla of evidence tending to prove that he ha[d] any medical issues, or that he even takes medication," and observed that Joseph testified he "[s]ometimes" works "24-hour days," "six days [a week]" but claimed he needed to terminate the deposition because of his purported medical condition. The court observed that if Joseph had provided discovery responses as directed by the court and provided responsive answers, there is a strong likelihood his deposition would have ended more quickly.

The court concluded the sanction of striking third-party defendants' answer was required because: the discovery Joseph continuously failed to provide went to the foundation of Kathleen's claims; Joseph's refusal to comply with the court's prior orders was "deliberate and contumacious;" no lesser sanction would suffice because the outstanding discovery may have been destroyed and a second deposition is unlikely to produce any probative evidence; and Joseph, rather than his counsel, is responsible for the violations and the failure to maintain documents requested in the discovery demands. The court determined Joseph failed to demonstrate that his violations of the court's orders was justified. The court entered a December 8, 2015 order suppressing third-party defendants' answer with prejudice and awarding counsel fees related to Kathleen's counsel's attendance at the deposition and the suppression motion.

Joseph filed a motion for reconsideration. After hearing argument, Judge Goodzeit entered a January 11, 2016 order denying the request. In a detailed written statement of reasons, Judge Goodzeit found that Joseph's motion was supported by information that was available prior to the entry of the December 8, 2015 order, but which Joseph failed to provide to the court at that time. The judge also rejected Joseph's claims that the evidence

had not shown that he willfully violated the court's October 15, 2015 order compelling discovery.

A different judge subsequently conducted a proof hearing on Kathleen's third-party claims. Kathleen testified and presented documentary evidence. The court entered a February 5, 2016 final judgment against Joseph awarding Kathleen $22,154.80 as damages. This appeal followed.

On appeal, Joseph presents the following arguments for our consideration.

> Point I: The Trial Court Erred in Striking of [Joseph's] Answer[.]
>
> A. THE COURT'S DISMISSAL WAS IMPROPER AS IT WAS BASED ON A VAGUE COURT ORDER AND TRANSCRIPT.
>
> B. THE COURT'S DISMISSAL WITH PREJUDICE WAS IMPROPER PURSUANT TO COURT RULE[.]
>
> Point II[:] Joseph Croghan Suffered Irreparable Harm When [N]ot Permitted to Review the Documents Presented During the Proof Hearing[.]
>
> Point III[:] DISQUALIFICATION PURSUANT TO R. 1:12-1 — THE CASE SHOULD HAVE BEEN TRANSFERRED AS SOON AS PRESIDING JUDGE MILLER LEARNED OF THIRD PARTY DEFENDANT JOSEPH CROGHAN'S INVOLVEMENT IN THE LITIGATION[.]

II.

Rule 4:23-2(b)(3) permits a court to enter an "order striking out pleadings or parts thereof . . . with or without prejudice,

or rendering a judgment by default against the disobedient party" who "fails to obey an order to provide or permit discovery." In its consideration of the ultimate sanction of striking a pleading, a judge must weigh the delinquent party's right to an adjudication on the merits with the other party's right to expect compliance with the discovery rules and orders. Zaccardi v. Becker, 88 N.J. 245, 256-58 (1982). The sanction of dismissal should be used "sparingly," id. at 253, in only "those cases where the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious," Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 514 (1995) (citation omitted); see also Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115-16 (2005).

We review a court's dismissal of a pleading pursuant to Rule 4:23-2(b)(3) for an abuse of discretion. Abtrax, 139 N.J. at 517; see also Allegro v. Afton Vill. Corp., 9 N.J. 156, 161 (1952) (recognizing "[i]t is peculiarly within the sound discretion of the trial court" to determine the sanction imposed for a discovery breach). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Measured against these standards, we are satisfied Judge Goodzeit did not abuse her discretion by striking Joseph's answer with prejudice, and we affirm substantially for the reasons set forth in the judge's well-reasoned December 8, 2015 written statement of reasons. The record supports her determination that Joseph violated the October 15, 2015 order compelling discovery by failing to provide responses to the written discovery demands designated in the order, and by being evasive during his court-ordered deposition and unilaterally terminating the deposition prior to its conclusion without justification or applying for a protective order.

We reject Joseph's contention the October 15, 2015 order was entered in error because the May 7, 2015 order was vague and Judge Goodzeit improperly relied on the transcript of the proceedings before the judge who issued the May 7, 2015 order. Joseph ignores the court's July 10, 2015 order, which he does not challenge on appeal, directing that he provide responses to Kathleen's interrogatories and document demands and imposed sanctions for violating the May 7, 2015 order. Moreover, on October 15, 2015, Judge Goodzeit again ordered that Joseph provide responses to particular interrogatories and document demands. Joseph does not challenge the October 15, 2015 order on appeal, and he never provided the responses as required. Thus, any purported confusion

over the alleged vagaries of the May 7, 2015 order provides no justification for Joseph's failure to respond to the discovery demands in response to either the July 10 or October 15, 2015 orders.

Joseph also contends the court erred because he attended his deposition on November 3, 2015, and terminated the deposition because of his purported medical condition. As Judge Goodzeit correctly observed, however, Joseph did not produce any evidence beyond his bald assertion that a medical condition precluded his continued participation at his deposition. On his motion for reconsideration, Joseph attempted to revive his contention that a medical condition prevented the continuation of his deposition, but failed to provide any competent evidence from a medical professional supporting his claim. See R. 1:6-6 (requiring that motions based on facts not appearing of record must be supported by affidavits made on personal knowledge setting forth "facts which are admissible in evidence to which the affiant is competent to testify").

In addition, Joseph's abusive conduct toward Kathleen's counsel and evasive answers to her questions throughout the deposition support Judge Goodzeit's conclusion that an order directing the continuation of the deposition would have been useless. He argues the court erred in striking his answer because

he attended his deposition, but his words and conduct during the deposition constituted a clear and unequivocal declaration — he will answer only those questions he chooses to answer.

"A litigant that deliberately obstructs full discovery corrupts one of the fundamental precepts of our trial practice — the assumption by the litigants and the court that all parties have made full disclosure of all relevant evidence in compliance with the discovery rules." Abtrax, 139 N.J. at 521. The record supports Judge Goodzeit's finding Joseph deliberately and contumaciously breached that precept and the court's prior orders here. See id. at 514.

The discovery Kathleen sought in the interrogatories, demands for documents and during Joseph's deposition was at the center of her claim Joseph conspired with CRS and Crivello to hide income he and Kroner earned for work performed for CRS. The requested information related directly to Kroner's receipt of the payments from CRS and the manner in which the payments were paid and deposited into accounts in which either Joseph or Kroner had an interest. Joseph, however, consistently refused to provide that information even when ordered to do so by the court. See ibid. at 514 (finding that striking a pleading is appropriate where the discovery violation goes to the foundation of a claim).

In sum, Joseph fails to demonstrate that Judge Goodzeit's decision was made without a rational explanation, departed from established principles or rested on an impermissible basis. See Guillaume, 209 N.J. at 467-68. Finding no abuse in the exercise of her discretion, we affirm the December 8, 2015 order striking third-party defendants' answer with prejudice.[2]

We are not persuaded by Joseph's claim that he suffered prejudice when he was not permitted to review documents presented by Kathleen during the proof hearing. The record contradicts the contention. At the outset of the proof hearing, Kathleen's counsel provided binders to Joseph and the court that included documents which had been marked as potential trial exhibits. It was represented at the proof hearing that the exhibits had been supplied both during discovery and prior to the hearing, Joseph's counsel did not argue to the contrary, and there is no evidence showing otherwise. Thus, Joseph had the opportunity to review all of the exhibits prior to hearing as they were assembled in the binder and presented at the hearing.

---

[2] Joseph does not argue the court erred by denying his reconsideration motion. We therefore do not address the January 11, 2016 order denying the motion. An issued not briefed on appeal is deemed waived. Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008); Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001).

In addition, the court admitted only three of the exhibits, and Joseph concedes he was provided with copies of those exhibits. The remaining exhibits in the binders were collected without objection because they contained confidential financial information, and Joseph's counsel expressly advised the court he did not need any exhibits that were not admitted in evidence. Joseph's counsel did not seek to admit any of the exhibits into evidence or question Kathleen, the only witness at the hearing, about them. Thus, Joseph's claim he was either deprived of the documents, suffered prejudice because he did not receive them prior to the hearing, or suffered prejudice because the exhibits were not admitted in evidence is without merit.

Joseph also argues he is entitled to a reversal because the Presiding Judge of the Civil Division had a conflict of interest. He contends the judge represented Joseph in a matter prior to becoming a Superior Court judge. We find the contention lacks sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), noting that the Presiding Judge had no involvement in the matter and, after Joseph raised the issue in a motion that was heard in April 2016, Judge Ciccone transferred venue of the case to Ocean County.

We do not address the merits of any argument raised for the first time in Joseph's reply brief, including those related to the

sufficiency of the evidence supporting the court's final judgement. It is improper for a party to use a reply brief to raise an issue for the first time or enlarge the main argument. State v. Smith, 55 N.J. 476, 488 (1970); L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs. Inc., 434 N.J. Super. 60, 87 (App. Div. 2014); N.J. Citizens Underwriting Reciprocal Exch. v. Kieran Collins, D.C., LLC, 399 N.J. Super. 40, 50 (App. Div. 2008). Accordingly, an issue that is not addressed in a party's initial merits brief is deemed waived. See Drinker Biddle & Reath LLP v. N.J. Dept. of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011); Liebling v. Garden State Indem., 337 N.J. Super. 447, 465-66 (App. Div. 2001).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION