**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0097-16T2

THOMAS MCKAY, Mayor of the
Township of Lopatcong, County
of Warren, State of New Jersey,

    Plaintiff-Appellant,

v.

JOSEPH PRYOR, Councilman; LOUIS
BELCARO, Councilman and MAUREEN
MCCABE, Councilwoman,

    Defendants-Respondents,

and

MARGARET B. DILTS, Municipal Clerk;
MICHAEL B. LAVERY, Esq.; LAVERY,
SELVAGGI, ABROMITIS & COHEN and as
Successors in Interest to COURTER,
KOBERT and COHEN, PC,

    Defendants.

_____

        Submitted January 8, 2018 — Decided August 27, 2018

        Before Judges Accurso and Vernoia.

        On appeal from Superior Court of New Jersey,
        Law Division, Warren County, Docket No.
        L-0039-16.

Carter, Van Rensselaer and Caldwell, attorneys for appellant (William J. Caldwell, on the brief).

Bell & Shivas, PC, attorneys for respondents (Joseph J. Bell and Brian C. Laskiewicz, on the briefs).

PER CURIAM

Plaintiff Thomas McKay appeals from a July 22, 2016 Law Division order granting summary judgment in favor of defendant Lopatcong Township Councilmembers Joseph Pryor, Louis Belcaro, and Maureen McCabe (the Council). On appeal, plaintiff asserts the court erred in granting summary judgment in favor of the Council because he had the exclusive authority under the Faulkner Act, N.J.S.A. 40:69A-1 to -210, to make certain appointment and budgetary decisions on behalf of the Township. We disagree, and affirm.

## I.

At the time relevant to this appeal, plaintiff was the duly-elected Mayor of the Township of Lopatcong in Warren County, having assumed office on January 1, 2015. Defendants Pryor, Belcaro and McCabe were duly-elected Councilmembers. Plaintiff also named Lopatcong's municipal attorney Michael B. Lavery, Lavery's law firm, Lavery, Selvaggi, Abromitis & Cohen, and the Lopatcong Municipal Clerk, Margaret B. Dilts, as defendants.

On February 1, 2016, plaintiff filed a nine-count complaint in lieu of prerogative writs and order to show cause, alleging defendant Councilmembers violated their legislative duties and "engaged in an unlawful, ultra vires pattern of actions designed to unlawfully usurp the statutory authority of the Mayor." In relevant part, plaintiff's allegations stem from various appointments he made without the Council's advice and consent, which the Council refused to accept, acknowledge or approve, and his belief that he had exclusive authority over municipal appointments and the municipal budget. Specifically, plaintiff unilaterally appointed attorney Ryan Carey as the Township's "labor counsel," and Robert S. Morrison as municipal auditor. In his complaint and on appeal, plaintiff asserts that he "alone, has the exclusive and lawful power of appointment," and has general executive authority in the Township under N.J.S.A. 40:69A-121, which provides that the Mayor exercises "[t]he executive power of the municipality."

Plaintiff also alleged that the Council, in concert with the municipal clerk, "unlawfully, willfully and deliberately refused to acknowledge the authority of [plaintiff's] finance committee appointment" of Pryor and Councilwoman Schneider, and prepared the municipal budget despite his vehement disagreement with certain budget expenses. Plaintiff alleged the Council unlawfully

appointed Lavery and his law firm as the hold-over municipal attorney without his prior approval, and that Lavery's February 5, 2014 appointment as municipal attorney terminated on December 31, 2014.

Plaintiff first sought injunctive relief, requesting an order permanently restraining and enjoining the Council from interfering with his "power of appointment," his "statutory authority to sign checks," and his "right to prepare the [municipal] budget." Plaintiff also sought an order permanently restraining and enjoining the clerk from interfering with his "mandated duties" and "right of access," and from "failing to perform her mandated duties," as well as an order "[c]ompelling the Council to perform their mandated statutory duty to oversee the clerk."

Plaintiff's complaint further sought declaratory judgments that the position of municipal attorney became vacant on December 31, 2014, and that the hold-over provision in the Professional Services Agreement between the Township and Lavery  be declared void, as well as an order restraining and enjoining the Lavery firm from "holding themselves out as municipal attorney." Plaintiff further sought a declaratory judgment confirming his putative appointments of Carey and Morrison, as well as a judgment for attorney's fees and costs.

A-0097-16T2

Plaintiff also alleged that he never authorized disbursements made from the Township to Lavery or his firm, and that the Council interfered with his exclusive power to make interim municipal attorney appointments. Plaintiff sought an order demanding that the Lavery firm pay back, with interest, all monies paid to them through their interim appointment, and permanently restraining and enjoining the Lavery firm from "seeking or receiving any public funds . . . for services rendered since January 1, 2015." Plaintiff further sought a declaratory judgment that he "alone has the power of interim appointment to the position of municipal attorney," and that "pending further deliberation by the Council in its advice and consent function [plaintiff] is empowered to make an interim appointment of a municipal attorney."

On March 11, 2016, the court denied plaintiff's requests for injunctive relief in his order to show cause, finding in part that his contentions were "based upon an over-simplified and unsupported legal theory that is also based upon a misreading of the applicable law," and that plaintiff erroneously interpreted N.J.S.A. 40:69A-121 "to provide him with dictatorial powers." The court noted that Lopatcong operates as a "Small Municipality Plan A" under the Faulkner Act, which "consists of a Mayor and a four-member Township Council, with all positions elected at-large on a partisan basis in the November General Election." The court

further noted that under this plan, the Council has "all legislative powers," with the Mayor "having both voice and vote" in Council sessions. Furthermore, although the Mayor has the power of appointment for the municipal clerk, attorney, tax assessor, tax collector and treasurer, "those appointments are subject to Council confirmation." See N.J.S.A. 40:69A-122. Thus, the court noted, under this form of government, "the shared responsibility [between Mayor and Council] requires that neither party can usurp the authority of the other." The court ultimately concluded that plaintiff failed to establish a likelihood of success on his claims regarding the appointment of the municipal attorney, labor counsel and municipal auditor.

The court also determined that plaintiff's claims regarding the municipal budget did not call for "immediate or injunctive relief," because plaintiff and the Council are required to cooperate with one another regarding the budget, and it was "within their authority that the Council ha[d] taken affirmative steps to prepare their own budget in the event the Mayor fails to present one or if his proposed budget is not approved." The court denied plaintiff's request for injunctive relief regarding the municipal clerk's compliance with her statutory duties without prejudice

because plaintiff failed to address these claims in his brief and failed to establish imminent harm.[1]

The Council moved for summary judgment in May 2016, and on July 22, 2016, the trial court issued a thorough written opinion granting the Council's motion and dismissing plaintiff's claims. Plaintiff's arguments on appeal only focus on his appointment of interim municipal attorney, labor counsel and auditor, as well as the court's determinations regarding approval of the municipal budget and certain municipal expenses. We therefore limit our discussion of the court's summary judgment findings with regards to those issues, and note that plaintiff has waived argument on the remaining claims and requests for declaratory judgments addressed in the court's summary judgment decision. See Jefferson Loan Co., Inc. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (finding an argument not briefed on appeal is waived); Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001) (same).

First, the court noted that Rule 4:69-6 provides a forty-five-day time limit for actions in lieu of prerogative writs. The

---

[1] Plaintiff's claims against municipal clerk Dilts were voluntarily dismissed with prejudice and without costs by way of stipulation of the parties dated August 24, 2016. We need not further address those claims here.

court found that since plaintiff presented his appointment of the municipal attorney in January 2015 and did not nominate an attorney at the January 2016 reorganization meeting, his claims regarding the Council's failure to recognize his municipal attorney appointment at the January 2015 Reorganization meeting were time-barred under the Rule. The court further determined that any claims relating to the Council's issuance of checks and authorization of payments to Lavery without his approval prior to December 17, 2015 were also time-barred under Rule 4:69-6.

The court further determined that plaintiff failed to offer any opposition to the Council's assertion that plaintiff had no authority "to prevent the payment of lawfully-approved municipal bills" by virtue of his ministerial authority to sign checks. The court determined there was "no genuine issue of material fact" as to this issue, finding there was "no support in the applicable [s]tatutes or . . . case law to support" plaintiff's position that he had the authority to refuse to sign checks and block payment of any authorized bills or expenses he disagrees with.

The court rejected plaintiff's assertions regarding his purported exclusive power to prepare the municipal budget, noting N.J.S.A. 40:69A-128 expressly provides the mayor prepares the budget "with the assistance of the treasurer and the co-operation of the other members of the council[,]" and, as such, there was

A-0097-16T2

no factual dispute that "the budget is a matter that requires some degree of cooperation and participation from both" the Mayor and the Council.

The court also rejected plaintiff's claimed entitlement to appoint his trial counsel, William J. Caldwell, as interim municipal attorney, finding that because the Township operates under N.J.S.A. 40:69A-122 as a Small Municipality Plan A form of government, an attorney must be "appointed by the Mayor with the advice and consent of the Council." Relying on <u>Woodhull v. Manahan</u>, 85 N.J. Super. 157, 168 (App. Div. 1964), where we held in part that where the mayor and council fail to agree on a municipal attorney, the existing municipal attorney serves in a holdover capacity, the court further noted that "the law is . . . clear that until a successor is appointed, unless otherwise provided, the preexisting officeholder serves in a holdover capacity." The court found that Lavery and his firm "were properly appointed . . . as Municipal Attorney and in a holdover capacity," and that plaintiff "did not have the power to unilaterally appoint . . . Caldwell . . . in an interim capacity," without the Council's advice and consent pursuant to N.J.S.A. 40:69A-122.

The court rejected plaintiff's assertion that the Council "could simply never provide its consent" to his municipal attorney appointment, "thereby retaining . . . Lavery . . . as a holdover

for an indefinite term." The court found that Lavery and his firm's position as holdover municipal attorney was proper because it "achieved its position by receiving past Mayoral appointments that were consented to by the" Council.

As to plaintiff's appointment of labor counsel, the court incorporated its previous findings in plaintiff's order to show cause, noting that the "position of '[l]abor [c]ousel' is not a statutorily created position," is "not statutorily defined," and had not "been created [n]or recognized by any applicable Lopatcong Township Ordinance." The court found that plaintiff failed to provide any authority for the proposition that he may create the position of labor counsel and appoint his own attorney "as he has lost confidence in the current counsel," and to accept plaintiff's position would "circumvent the Council's power to advise and consent in an impermissible and illogical manner."

Lastly, as to plaintiff's appointment of a municipal auditor, the court noted that plaintiff's only support for his assertion that he had the power to unilaterally appoint a municipal auditor was N.J.S.A. 40:69A-124, which provides in part that "[a]ll officers and employees whose appointment or election is not otherwise provided for in this article or by general law shall be appointed by the mayor." The court found that plaintiff failed to include his requested relief in the form of a judgment

10                                                              A-0097-16T2

overriding the Council's rejection of his appointment of the municipal auditor "within the requests for relief contained within his Order to Show Cause." The court nevertheless addressed plaintiff's argument and found that under N.J.S.A. 40A:5-4, the power of appointment of a municipal auditor is expressly reserved for the "governing body of every local unit," which consists of the mayor and the Council, see N.J.S.A. 40:69A-116 (providing that the governing body of each municipality includes "an elected council and a mayor"), and not plaintiff alone.

Lavery and his law firm subsequently filed a motion for summary judgment in July 2016. The trial court granted the motion on August 19, 2016, dismissing plaintiff's claims against Lavery and his law firm, and reaffirming its prior finding that plaintiff "did not have the power to unilaterally appoint" his own interim municipal attorney.[2]

On appeal, plaintiff presents the following argument for our consideration:

> POINT I
>
> ON APPEAL REVIEWING THE GRANT OF SUMMARY
> JUDGMENT DE NOVO SHOULD LEAD THIS COURT TO
> FIND THAT THERE ARE GENUINE ISSUES OF MATERIAL

---

[2] Plaintiff does not appeal the court's grant of summary judgment to Lavery and his law firm, and they are otherwise not parties to this appeal.

FACT AND THEREBY REVERSE THE DECISION OF THE
TRIAL COURT BELOW GRANTING SUMMARY JUDGMENT
TO THE [COUNCIL].

## II.

We review a grant of summary judgment de novo, applying the same standard as the trial court. See State v. Perini Corp., 221 N.J. 412, 425 (2015) (citing Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013); Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007)). In doing so, we "must view the facts in the light most favorable to the non-moving party, which in this case is plaintiff." Bauer v. Nesbitt, 198 N.J. 601, 605 n.1 (2009) (citing R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

To sustain its motion for summary judgment, the moving party must show there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law." Burnett v. Gloucester Cty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 228 (App. Div. 2009).

We have carefully considered the record and plaintiff's arguments supporting his contention the trial court erred by granting the Council's summary judgment motion, and find they are without merit sufficient to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm the trial court's order granting the Council's motion and dismissing those claims

substantially for the reasons set forth in the trial court's detailed and well-reasoned written opinion.

We add only that N.J.S.A. 40:69A-122 requires the Council's advice and consent on the appointment of any attorney, including labor counsel. It is well-established that our "primary goal" when construing a statute "is to discern the meaning and intent of the Legislature," and "the best indicator of that intent is the plain language chosen by the Legislature." State v. Gandhi, 201 N.J. 161, 176 (2010). The plain language of these statutes could not be any clearer.

N.J.S.A. 40:69A-122 provides that the mayor shall appoint "an attorney" with the "advice and consent of the council." Here, whether plaintiff intended to have one municipal attorney or, as the court noted in its written decision, several "specialized attorneys," the statute's plain language clearly provides that plaintiff's appointment of "an attorney" requires the Council's advice and consent. Plaintiff's argument that since "labor counsel" is not specifically listed in N.J.S.A. 40:69A-122, he is able to create the position and make the unilateral appointment under N.J.S.A. 40:69A-124 is wholly without merit.

Plaintiff lastly argues we should exercise original jurisdiction over the matter and decide his arguments on the merits. As we have already determined summary judgment in favor

of the Council was appropriate, this argument is also without merit sufficient to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We add only that it is well-established that the exercise of original jurisdiction is discretionary, and we decline to do so here. <u>See</u> <u>R.</u> 2:10-5; <u>State v. Micelli</u>, 215 N.J. 284, 293 (2013) (noting that an "appellate court may exercise such original jurisdiction as is necessary to the complete determination of any matter on review.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION