**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4660-16T4

PENNYMAC HOLDINGS,
LLC,

     Plaintiff-Respondent,

v.

JOSEPH TROVATO, his heirs,
devisees, and personal representatives
and his/her, their, or any of their
successors in right, title and interest,
JOYCE TROVATO, his wife, her heirs,
devisees, and personal representatives
and his/her, their, or any of their
successors in right, title and interest,

     Defendants-Appellants,

v.

SLM FINANCIAL CORPORATION;
MARK MORACE; CITIMORTGAGE;
AFFINITY TITLE AGENCY,

     Third-Party Defendants.

_____

Submitted November 28, 2018 - Decided December 27, 2018

Before Judges Fuentes and Accurso.

On appeal from Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-004536-14.

Law Offices of Joseph A. Chang, attorneys for appellants (Joseph A. Chang, of counsel and on the brief; Jeffrey Zajac, on the brief).

Blank Rome LLP, attorneys for respondent (Matthew M. Maher, on the brief).

PER CURIAM

In this contested residential mortgage foreclosure action, defendants Dr. Joseph Trovato and his wife Joyce Trovato appeal from the entry of final judgment, contending the trial court erred in granting summary judgment to plaintiff PennyMac Holdings, LLC, and dismissing their counterclaims and third-party complaint against their originating lender CitiMortgage, Inc. and their mortgage broker SLM Financial Corporation and its employee Mark Morace under the Consumer Fraud Act, N.J.S.A. 56:8-1 to -210.[1] Specifically, defendants claim that Morace and SLM inflated defendants' income on the application submitted to CitiMortgage in 2008 for a $900,000 mortgage loan to

---

[1] There is no order in the appendix dismissing plaintiffs' claims against SLM and Morace and it is not clear on this record that they were served and participated in the action.

A-4660-16T4

defendants, intended to refinance an existing mortgage of nearly $800,000 and provide them funds for the addition of a conservatory on their home.

Defendants contend CitiMortgage made the $900,000 loan with "reckless disregard for Trovato's ability to afford" it and failed to act in good faith in denying them a loan modification when they had difficulties making their payments three years later. They argue contested facts on those claims warrant reversal of the final judgment of foreclosure awarded to plaintiff, CitiMortgage's successor.[2] Our review of the record convinces us that none of those arguments is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Although defendants argued on summary judgment that plaintiff had not established that it possessed the note or a valid assignment of the mortgage when it filed its foreclosure complaint, the trial judge found to the contrary on the undisputed facts, and defendants have abandoned those arguments on appeal by failing to brief them. See Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001). Accordingly, it is undisputed that plaintiff established its standing, see Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App.

---

[2] Defendants have not appealed from the judgment in favor of CitiMortgage, asserting those claims are "not relevant to the instant appeal."

A-4660-16T4

Div. 2012), and a prima facie right to foreclose the mortgage, see Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952).

And while we do not dispute defendants' assertion that plaintiff could not establish it was a holder in due course, see N.J.S.A. 12A:3-302, or that their Consumer Fraud Act claims, although brought beyond the six-year statute of limitations, would permit a defense in recoupment, see Beneficial Fin. Co. v. Swaggerty, 86 N.J. 602, 609 (1981), defendants nowhere explain how such defenses could possibly succeed in defeating plaintiff's right to foreclose the mortgage. Defendants did not establish any connection between CitiMortgage, their lender, and SLM and Morace, whom they claim were responsible for defendants' inflated income figure on the loan application. Thus defendants did not prove that CitiMortgage knew or should have known of the fraud defendants allege was perpetrated in the loan process. Moreover, while plaintiff might be subject to any personal defenses defendants could have asserted against CitiMortgage, their original lender, see N.J.S.A. 46:9-9, whatever claims they possessed against CitiMortgage have been dismissed with prejudice, a ruling not limited to the time bar, which judgment defendants did not appeal.

Finally, even if defendants could somehow vault those hurdles, they do not address how a recoupment defense, even one based on treble damages, could

4

succeed in curing their default in the context of this refinance. See <u>Assocs.</u> <u>Home Equity Servs., Inc. v. Troup</u>, 343 N.J. Super. 254, 272-73 (App. Div. 2001) (explaining recoupment defense in the context of a foreclosure proceeding). The settlement statement on which defendants relied in opposing the motion in the trial court reflects the lender's payoff of prior mortgages totaling over $800,000. The final judgment ordered that plaintiff was entitled to have the sum of $1,257,249.85, which included advances for taxes, raised and paid out of the mortgaged premises. Defendants do not identify or make any attempt to quantify their ascertainable loss, or explain how such loss, even trebled, approaches the sums owed or even the $173,247.01 necessary to bring the loan current at the time plaintiff served its notice of intent in June 2013, and thus how a recoupment defense could succeed in curing their default in light of documented advances by the lender on their behalf.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4660-16T4