**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2642-17T3

CHERYL A. GALLO,

      Plaintiff-Appellant,

v.

ROBERT A. GALLO and
CHERYL A. GALLO,

      Defendants-Respondents.

_____

Argued January 23, 2019 – Decided February 15, 2019

Before Judges Hoffman and Firko.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0058-16.

W. James Mac Naughton, appellant pro se and attorney for Cheryl A. Gallo.

David E. Sklar argued the cause for respondent Robert A. Gallo (Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, attorneys; David E. Sklar, of counsel and on the brief).

PER CURIAM

Plaintiff Cheryl A. Gallo and her attorney, W. James Mac Naughton, Esq., appeal from a January 12, 2018 trial court order awarding trial and appellate counsel fees and costs in favor of defendant Robert Gallo in the amount of $35,407.50, based upon the frivolous litigation statute, N.J.S.A. 2A:15-59.1, and Rule 1:4-8(a). Because the trial court lacked jurisdiction to award counsel fees and costs for appellate services, and since that application is now time-barred, we reverse the order and remand for a determination of counsel fees and costs for trial level services performed.

I.

The parties are familiar with the procedural history and facts of this case, and, therefore, they will not be repeated in detail here.[1] This appeal emanates from defendant's claim that the second complaint was unnecessary and frivolous because he was assured that all debts between plaintiff and her mother, Ms. Marcia Czaya, were settled. In her written decision, the trial judge found "that plaintiff and her attorney both fail to present any cogent or persuasive argument that their actions were reasonable or made in good faith basis to believe that the

_____

[1] The chronology is set forth in this court's unpublished opinion entered on August 11, 2017, in which we affirmed the April 22, 2016 Law Division order dismissing plaintiff's complaint against defendant, who is her ex-husband. We incorporate, by reference, the facts stated in our prior opinion. The same judge presided over both matters.

December 28, 2015 [c]omplaint had merit." The judge further concluded that: "The inquiry made by plaintiff['s] counsel before signing and filing the instant [c]omplaint was not reasonable under the circumstances, having just freshly dismissed that same claim against that defendant only twenty-six days prior thereto."

The trial judge reviewed defendant's attorney's certification of services which states, "this litigation was litigated at both the Law Division and Appellate Division, which required extensive knowledge of the New Jersey Court Rules and skill . . . ." The certification further provided that: "The [f]irm was successful in obtaining a dismissal of this litigation with prejudice at the [t]rial [l]evel on behalf of the [d]efendant." "The dismissal with prejudice was subsequently upheld at the Appellate Division . . . . [and] the [f]irm also had to work extensively to uphold that dismissal in preparing and drafting appellate briefs."

The invoices for professional services rendered by defendant's counsel included trial and appellate level work, and the trial judge determined that the lodestar – which equals the number of hours reasonably expended by counsel, "multiplied by a reasonable hourly rate" – applied. Rendine v. Pantzer, 141 N.J. 292, 333 (1995) (quoting Hensley v. Eckerhart, 461 U.S. 424, 499 (1983)).

R.P.C. 1.5(a) was also considered by the trial judge, and she found the attorney's hourly fees charged for trial and appellate work were "fair and customary in this locality for similar hourly-billed legal services." She denied three entries in the award "because they appear to have been billed by individuals other than the two attorneys and the paralegal described in Mr. Sklar's [c]ertification."

On appeal, plaintiff and her attorney argue that frivolous lawsuit sanctions were unwarranted because there was no showing of bad faith; rather they acted in good faith believing their insufficient consideration claim, Ms. Czaya's claims, and their holder in due course arguments were meritorious. They also contend that the Law Division lacked jurisdiction to award counsel fees relative to appellate services. Defendant seeks affirmance.

## II.

The affidavit[2] of services must also include "a detailed statement of the time spent and services rendered by paraprofessionals, a summary of the paraprofessionals' qualifications, and the attorney's billing rate for paraprofessional services to clients generally[,]" and a statement as to how much the client had paid, and "what provision, if any, has been made for the payment of fees to the attorney in the future." R. 4:42-9(b) to (c).

---

[2] We use affidavit and certification interchangeably.

A-2642-17T3

In our August 11, 2017 decision, we affirmed the trial court's April 22, 2016 order dismissing plaintiff's complaint against defendant, and rejected her arguments that he gave no consideration for a promise to dismiss an earlier action with prejudice, and that a previous payment did not constitute an accord and satisfaction of the $50,000 note at issue. The Law Division litigation was frivolous and we are satisfied that frivolous lawsuit sanctions were warranted by plaintiff's continued prosecution of meritless claims that had no evidential support whatsoever for the cogent reasons stated by the trial judge. Accordingly, the trial judge did not abuse her discretion in awarding sanctions insofar as it related to trial court professional services rendered by defendant's counsel. We part company with the trial judge in awarding counsel fees and costs for defendant's appellate counsel fees and costs.

III.

We review a judge's decision on a motion for frivolous lawsuit sanctions under an abuse of discretion standard. United Hearts, LLC v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009) (citing Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2015)). We will reverse a decision when "the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error

A-2642-17T3

in judgment." Masone, 382 N.J. Super. at 193 (citing Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

N.J.S.A. 2A:15-59.1(a)(1), which governs frivolous lawsuit claims against parties, provides that:

> [a] party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing party was frivolous.

The frivolous litigation statute is interpreted restrictively. DeBrango v. Summit Bancorp, 328 N.J. Super. 219, 226 (App. Div. 2000).

Litigation is considered frivolous when it is "commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury[,]" or if the non-prevailing party "knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." N.J.S.A. 2A:15-59.1(b)(1) to (2). Counts of a complaint may be severed "for purposes of determining whether [the counts are] 'frivolous.'" Lake Lenore Estates, Assocs.

6

v. Twp. of Parsippany-Troy Hills Bd. of Ed., 312 N.J. Super. 409, 421 (App. Div. 1998).

A motion for sanctions under Rule 1:4-8 will be denied where the pleading party had an objectively reasonable and good faith belief in the merits of the claim. First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007) (citing DeBrango, 328 N.J. Super. at 227). However, litigation may become frivolous, and therefore sanctionable, by continued prosecution of a meritless claim, even if the initial pleading was not frivolous or brought in bad faith. See DeBrango, 328 N.J. Super. at 227-28, 230. This is because the "requisite bad faith or knowledge of lack of well-groundedness may arise during the conduct of the litigation." United Hearts, 407 N.J. Super. at 390 (quoting Iannone v. McHale, 245 N.J. Super. 17, 31 (App. Div. 1990)). In such cases, the party seeking sanctions would only be entitled to fees and/or costs incurred from the time the litigation became frivolous, rather than from the inception of the litigation. DeBrango, 328 N.J. Super. at 230.

The court may award "reasonable" expenses and attorney's fees to the prevailing party on a motion for frivolous lawsuit sanctions. R. 1:4-8(b)(2). In order to establish reasonableness, the moving party's attorney must submit an affidavit of services, which shall include the following information:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) whether the fee is fixed or contingent.

[R.P.C. 1.5(a).]

Rule 2:11-4 provides in pertinent part:

An application for a fee for legal services rendered on appeal shall be made by motion supported by affidavits as prescribed by R[ule] 4:42-9(b) and (c), which shall be served and filed within [ten] days after the determination of the appeal. The application shall state how much has been previously paid to or received by the attorney for legal services both in the trial and appellate courts or otherwise, including any amount received by way of pendente lite allowances, and what

arrangements, if any, have been made for the payment
of a fee in the future.

[(Emphasis added).]

Defendant never filed a motion in the Appellate Division for counsel fees and costs, and it is now time-barred. See R. 2:11-4. Therefore, defendant improvidently moved before the Law Division for appellate fees and costs, and we reverse that portion of the January 12 order. Further, the trial court may not award a fee for services in the Appellate Division. See Tarr v. Bob Ciasulli's Mack Auto Mall, 390 N.J. Super. 557, 570 (App. Div. 2007) (citing R. 2:11-4). The appellate court will not determine fees for trial court services. See Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 2:11-4 (2019) (citing Dotsko v. Dotsko, 244 N.J. Super. 668 (App. Div. 1990)).[3]

In sum, we agree that frivolous lawsuit sanctions were warranted for professional services provided but for trial court services only. The litigation was frivolous because the insufficient consideration, Ms. Czaya's claims, and holder in due course theory were without any basis in law or equity and could not be supported by a good faith argument for extension, modification, or

---

[3] We have held that N.J.S.A. 2A:15-59.1, commonly referred to as the frivolous litigation statute, is inapplicable to appeals. Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001).

reversal of existing law. N.J.S.A. 2A:15-59.1(b). Accordingly, the trial judge did not abuse her discretion in finding frivolous lawsuit sanctions were warranted but her decision should have been limited to the trial court fees only and not appellate fees. Defendant failed to timely file a motion under Rule 2:11-4 in the Appellate Division for counsel fees and costs. Therefore, he is now barred from doing so and the trial judge lacked jurisdiction to consider and award appellate counsel fees and costs.

We reverse and remand for further proceedings consistent with this opinion and for the trial judge to determine the amount of counsel fees and costs that should be awarded to defendant for trial court services only.

Affirmed in part, reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-2642-17T3