**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1217-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JESUS ATURO COLON,

      Defendant-Appellant.

_____

      Submitted November 14, 2018 – Decided December 24, 2018

      Before Judges Yannotti and Natali.

      On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 06-11-1099.

      Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).

      Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (James C. Brady, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order entered by the Law Division on June 23, 2017, which denied his petition for post-conviction relief (PCR). We reverse and remand for further proceedings.

I.

A Union County grand jury charged defendant with second-degree eluding a law enforcement officer, N.J.S.A. 2C:29-2(b) (count one); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(6) (count two); and third-degree joyriding, N.J.S.A. 2C:20-10(c) (count three). The trial court granted the State's motion to dismiss count three, and the matter proceeded to trial on the other counts.

At the trial, the State presented evidence that shortly before midnight on September 1, 2006, Officer Paolo Fidalgo and another officer of the Elizabeth Police Department were on patrol in the City of Elizabeth in a marked police vehicle. The officers stopped at an intersection and observed a motor vehicle cross the intersection at a high rate of speed. Fidalgo said the driver was possibly a "Hispanic male with facial hair."

Fidalgo and his partner pursued the vehicle and activated the lights on their patrol vehicle. The car they were pursuing ran a red light. Fidalgo estimated the vehicle had been traveling at fifty miles per hour in a zone

allowing vehicles to travel twenty-five miles per hour. After running the red light, the driver of the speeding car apparently lost control and the car went into a ditch.

Fidalgo and his partner exited the police vehicle. They noticed smoke or fire coming from beneath the disabled vehicle. Fidalgo stated that there were three persons in the vehicle. The officers drew them away to safety. Fidalgo identified defendant as the person who had been in the driver's seat. He stated that defendant was the only occupant who had facial hair. When the officers saw defendant, he was over the area between the driver's seat and the passenger's seat. His legs were in the driver's seat.

Luis Benitez was a passenger in the car and he testified on defendant's behalf. Benitez stated that he had known defendant since they were "kids" and he described his relationship to defendant as being "like family." Benitez said defendant was not driving the car during the chase.

Benitez also testified that a juvenile, whose name he did not know, had been driving. Benitez was in the rear seat, behind the driver, and defendant was on the passenger side. Benitez said the juvenile drove through the red light as the police chased them. Benitez's leg was injured when the car crashed.

3                                                          A-1217-17T3

The jury found defendant guilty on both counts. The trial judge sentenced defendant on count two (aggravated assault) to ten years of incarceration, with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The judge imposed a concurrent, ten-year term on count one (eluding).

Defendant appealed from the judgment of conviction dated July 13, 2007. He raised the following arguments:

> 1. Defendant's Right to Due Process of Law as Guaranteed by the Fourteenth Amendment to the United States Constitution and Art. 1[,] Par. 1 of the New Jersey Constitution was violated by the Prosecutor's Misconduct. [Not Raised Below]
>
>     a. The Prosecutor's summation expressing his belief that [Officer] Fidalgo testified credibly substantially prejudiced Defendant's fundamental right to have the jury fairly evaluate the merits of his defense.
>
>     b. The Prosecutor's summation implicitly expressing his belief that Defendant's Witness was not credible substantially prejudiced [D]efendant's fundamental right to have the jury fairly evaluate the merits of his defense.
>
> 2. Because The Jury Was Permitted To Infer That Defendant's Conduct Created A "Risk Of Death Or Injury" If It Determined That His Conduct Violated Any of The Motor Vehicle Offenses Set Forth in Chapter 4 of Title 39, And Such Risk Is An Element Of The Second Degree Crime of Eluding, The Trial Court Committed Reversible Error When It Failed To Define

4

And Delimit The Underlying Motor Vehicle Offenses.
[Not Raised Below]

We affirmed defendant's conviction. State v. Colon, No. A-6370-06 (App. Div. April 14, 2009).

On March 23, 2012, defendant filed a pro se PCR petition in the trial court. He alleged he was denied the effective assistance of counsel, and that the trial court erred in its assessment of the aggravating and mitigating factors at sentencing. The PCR court appointed counsel to represent defendant, and PCR counsel filed a brief arguing that trial counsel was deficient because he failed to properly investigate and prepare the case.

PCR counsel asserted that after the petition was filed, Jose Rentas, the juvenile involved in the incident, had been contacted. Rentas said he had been driving the car during the police chase, and defendant was a passenger in the car. PCR counsel asserted that defendant's trial attorney did not contact Rentas.

PCR counsel claimed that immediately after he exited the car, Rentas told the officers he had been driving the car. He asserted that Rentas would have testified at trial that he was the driver of the vehicle involved in the incident, but defense counsel never asked him to testify.

In support of his petition, PCR counsel submitted a memorandum from Sergeant Deborah Baum to an assistant prosecutor in which Baum stated that on

November 21, 2006, she was assigned to take a statement from Rentas regarding the matter. Rentas was seventeen years old at that time, and he said he wanted his mother to be present for the interview. Rentas told Baum he was driving the car involved in the September 1, 2006 chase.

Baum brought Rentas's mother into the room with Rentas. Baum explained that Rentas would be providing a videotaped statement and she advised Rentas of his <u>Miranda</u> rights.[1] Rentas told Baum he wanted an attorney, and Baum terminated the interview. Rentas's mother inquired as to how she could contact a public defender.

She asked Baum if her son could return and give a statement after he spoke with an attorney. Baum replied that was possible. Rentas's mother also asked if her son could be charged if he admitted committing an offense. Baum told her that anyone who gave a statement in which he admitted committing an offense could be charged.

The PCR judge heard oral argument from counsel and placed his decision on the record. The judge found that defendant's claim of ineffective assistance was not barred by <u>Rule</u> 3:22-4, but defendant had not presented a prima facie claim of ineffective assistance and an evidentiary hearing was not required. The

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

A-1217-17T3

judge found that defense counsel's investigation and strategic decisions were not deficient. The judge determined that defendant's attorney made "an informed decision" not to call Rentas as a witness at trial, and once that decision was made, there was little to be gained by interviewing Rentas. The judge noted that defense counsel could introduce Rentas's off-the-record statements through other evidence and witnesses in a manner that would be more credible.

The PCR judge also observed that defense counsel could reasonably have decided it was highly unlikely Rentas would testify at trial because, while he made a statement to the police concerning the incident, he refused to provide a videotaped statement inculpating himself. The judge noted that defense counsel could have presented Rentas's statement through Fidalgo's testimony.

In addition, the judge found that defendant had not shown he was prejudiced by counsel's failure to interview or call Rentas as a witness. The judge stated that defendant had merely shown that counsel's alleged errors had "some conceivable effect on the trial." The judge found there was no guarantee Rentas would have waived his Fifth Amendment right against self-incrimination and testify at trial. The judge determined that defendant had not shown a reasonable probability the result would have been different if Rentas had been called as a witness.

7

## II.

Defendant appealed and we reversed the order denying PCR. State v. Colon, No. A-5125-12 (App. Div. Nov. 4, 2015) (slip op. at 13). We held that the PCR judge erred by resolving defendant's claim of ineffective assistance of counsel without conducting an evidentiary hearing. Id. at 10. We noted that there was no evidence to support the judge's finding that defendant's trial attorney made a strategic decision not to call Rentas as a witness at trial. Ibid. We stated that we could not discern whether counsel made a specific strategic decision that Rentas would not testify, and if he did, the basis for that decision. Ibid.

We also stated that the PCR judge had assumed it was unlikely that Rentas would inculpate himself at trial. Ibid. We pointed out, however, that in an affidavit submitted to the PCR court, defendant's PCR counsel asserted that he had spoken with Rentas and Rentas told him he was the driver of the car involved in the chase and he would have testified to that fact if he had been called as a witness at trial. Id. at 10-11.

We observed that if that statement is correct, it would "cast an entirely different light" on counsel's decision not to call or interview Rentas before trial. Id. at 11. We stated, "[i]f credible, Rentas's statement suggests that counsel's

decision may have fallen outside the wide range of reasonably competent counsel." Ibid.

We also stated that testimony by defendant's trial attorney and Rentas may warrant reconsideration of the PCR court's finding that it was not reasonably probable the result of the trial could have been different if Rentas had been called at trial and testified that he was the driver of the vehicle involved in the chase. Ibid. We noted that Benitez had testified at trial that a juvenile had been driving the car, but he did not know the juvenile's name. Ibid.

We also noted that the evidence showed that when Fidalgo approached the vehicle after the crash, he determined that defendant had been the driver. Ibid. Fidalgo observed defendant "crunched over" on the driver's side. Ibid. Benitez and the juvenile were outside the car. Ibid. On cross-examination, Fidalgo conceded that the juvenile, whom he identified, was a suspect. Id. at 12.

We stated that Fidalgo did not testify that Rentas admitted he had been driving the car at the time of the incident. Ibid. We noted, however that Fidalgo testified before the grand jury that Rentas claimed he was the driver, and Benitez testified at trial that a juvenile had been driving the car at the time of the chase. Ibid.

We stated that based on this record, we could not determine "that it was not reasonably probable the result of the trial would have been different if Rentas had testified he was the driver." Ibid. We concluded that the testimony of defense counsel and Rentas was "critical to resolving" the claim of ineffective assistance of counsel. Ibid. We remanded the matter to the PCR court for an evidentiary hearing on this claim. Ibid.

We also noted that defendant had raised other issues in his pro se petition. Ibid. He claimed his trial attorney was ineffective because he failed to: (1) make a timely objection to the prosecutor's remarks; (2) object to the jury charge; (3) object or ask the judge to charge the jury on his decision not to testify; (4) object to the trial court's supplemental instruction; (5) object to the trial court's instruction that one of Benitez's statements was hearsay; and (6) interview other potential witnesses. Id. at 12-13. Defendant also had claimed that the trial court erred at sentencing in its assessment of the aggravating and mitigating factors. Id. at 13.

We observed that the PCR judge had not addressed these claims. Ibid. We stated that on remand, the PCR court should determine whether the claims were barred by Rule 3:22-4 or Rule 3:22-5. Ibid. The judge should address the merits of the claims not subject to these procedural bars. Ibid.

## III.

The PCR court conducted the evidentiary hearing on May 26, 2017. Defendant's trial attorney testified. He stated that he is a sole practitioner, who has a general practice. He has been a criminal defense attorney since 1990, and he has handled hundreds of cases. Counsel stated that he did not recognize defendant or recollect representing him.

Counsel testified about the manner in which he handles a criminal case. He stated that generally, he reviews all of the discovery. He investigates and considers any reasonable, viable defense. He said that if an exculpatory witness is brought to his attention, he would investigate, attempt to get the witness to provide a statement, and call the witness to testify at trial, if warranted.

Defendant also testified. He stated that he retained the attorney to represent him in the case and spoke to him several times regarding the charges. He said Rentas was the driver of the car during the police chase on September 1, 2006. Defendant testified that Rentas's sister is the mother of defendant's daughter. He brought Rentas to his attorney's office and asked him to interview Rentas.

According to defendant, the attorney told him not to bring Rentas to his office again. Defendant stated that his attorney advised him that because Rentas

11

was a juvenile, defendant could face additional charges due to Rentas's involvement in the incident. On cross-examination, defendant stated that Rentas attended his trial, but Rentas never stated in open court that he was the person who had been driving the car during the police chase.

Defendant's PCR counsel informed the PCR court that he had tried to contact Rentas to secure his appearance at the remand hearing. Counsel represented that he sent letters to Rentas, but they were returned, with no forwarding address. He said he spoke with defendant's sister and she reached out to friends and relatives, but they were not able to locate Rentas in the City of Elizabeth.

Defendant told the court that he still has contact with Rentas's sister. PCR counsel stated he had not spoken with Rentas's sister. He said that until the day of the hearing, he did not know she was the mother of defendant's child.

In a letter opinion dated June 15, 2017, the PCR judge concluded that defendant's petition should be denied. The judge found defendant's trial attorney was "a very credible witness." Although the attorney did not specifically recall representing defendant, he had testified "confidently" about his methods of preparation for handling criminal cases. The judge was convinced that if

12

defendant had produced an exculpatory witness, counsel would have thoroughly investigated and made efforts to have the witness testify at trial.

The judge found that defendant's testimony was not credible. The judge noted that in our opinion in the earlier appeal from the denial of PCR, we stated that defense counsel's testimony was critical to resolving the defendant's claim of ineffective assistance of counsel. The judge stated that Rentas's testimony is "clearly even more critical." The judge wrote that "[w]ithout [Rentas's] testimony there simply is no way of determining that [defendant's] version of the events surrounding the offense, trial preparation and the trial are true."

The judge stated that even if it is true that Rentas told law enforcement authorities that he was the driver of the car, he is "obviously not now available to [defendant] and perhaps unwilling to testify and incriminate himself." The judge pointed out that Rentas left the interview with a detective when he was told he could be charged with an offense.

The judge found that defendant had not established he was denied the effective assistance of counsel due to his attorney's failure to call Rentas as a witness at trial. The judge also found that defendant's other claims were barred by Rule 3:22-4 because they could reasonably have been raised in his direct

appeal. The judge entered an order dated June 23, 2017, denying PCR. This appeal followed.

IV.

On appeal, defendant argues his trial attorney was deficient in failing to call Rentas as a witness at trial. He asserts that at trial, Rentas would not have been able to invoke his Fifth Amendment right against self-incrimination because he had already waived it. Defendant argues that his trial counsel could have proffered Rentas's inculpatory statement, in which he admitted driving the vehicle during the September 1, 2006 police chase, by calling Baum as a witness. Defendant contends Rentas's statement is hearsay but admissible under N.J.R.E. 803(c)(25) as a statement against interest.

Defendant further argues that he established he was prejudiced by counsel's failure to call Rentas as a witness or present his inculpatory statement at trial. He contends the jury rejected Benitez's testimony that a juvenile was driving the car at the time of the chase. He notes that the prosecutor elicited testimony that Benitez was defendant's friend and had an interest in exonerating him. He contends the jury would probably have accepted Rentas's testimony because he had nothing to gain and could face criminal charges based on his admission.

A-1217-17T3

To establish a prima facie case of ineffective assistance of counsel defendant must satisfy the two-part test established in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and later adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987).  The defendant first "must show that counsel's performance was deficient."  <u>Strickland</u>, 466 U.S. at 687.  The defendant must establish that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment."  <u>Ibid.</u>

The defendant also must show that his attorney's "deficient performance prejudiced the defense."  <u>Ibid.</u>  The defendant must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 694.

We are constrained to reverse the order denying PCR and remand the matter again for further proceedings.  The record before us is insufficient to resolve defendant's claim that he was denied the effective assistance of counsel because his attorney did not call Rentas as a witness at trial or introduce his inculpatory statements through other witnesses.  The PCR court did not specifically address some of the key legal issues that defendant has raised on appeal.

15

As we stated in our opinion in the previous appeal, Rentas's testimony is critical in resolving defendant's claim of ineffective assistance of counsel. Rentas did not, however, appear to testify at the remand hearing. Since defendant is asserting a claim of ineffective assistance of counsel, and since he claims Rentas was willing to testify that he was driving the car during the incident, defendant has the burden of producing Rentas or showing that he made a reasonable effort to locate him and compel his appearance.

At the remand hearing, PCR counsel represented to the court that he wrote to Rentas but his letters were returned, without any forwarding address. PCR counsel also represented that he spoke with defendant's sister and she reached out to friends and family members to try to locate Rentas in Elizabeth, to no avail. However, PCR counsel did not show that he made any effort to locate Rentas in any place other than the City of Elizabeth. Moreover, defendant told the court that he has been in contact with Rentas's sister, who is the mother of defendant's child. PCR counsel conceded that he did not contact Rentas's sister.

On remand, PCR counsel should make further efforts to locate Rentas and secure his testimony. PCR counsel's efforts should not be limited to locating Rentas in the City of Elizabeth. At the very least, PCR counsel should contact Rentas's sister and endeavor to determine where Rentas could be found. If

16

counsel is unable to locate and have Rentas appear, PCR counsel should provide the PCR court with an affidavit or certification detailing his efforts to locate and secure Rentas's testimony.

If Rentas does not testify in the remand proceeding, the court should nevertheless reconsider its decision denying PCR. On appeal, defendant argues that Rentas waived his right to assert his right against self-incrimination when he spoke with Baum and told her he was driving the car when the police were chasing them.

The record shows that Fidalgo informed the grand jury that Rentas told Baum he had been driving the car. On remand, the PCR court should determine whether Rentas waived his right against self-incrimination and could have been compelled to testify that he was driving the car during the September 1, 2006 incident.

In addition, on remand, the PCR court should address defendant's contention that his trial attorney was deficient in failing to introduce the statement that Rentas made to Baum where he admitted he was driving the car during the chase. Rentas also told Fidalgo he was the driver. Defendant argues that Rentas's statements are hearsay but admissible under the hearsay exception in N.J.R.E. 803(c)(25). The court should address this argument.

The PCR court also should reconsider whether defendant was prejudiced by counsel's failure to call Rentas as a witness or have his statement introduced at trial through other witnesses. Defendant notes that Benitez testified that a juvenile was driving the car at the time of the chase, but there were reasons why the jury might not have credited his testimony.

The PCR court should consider whether defendant has shown that it was reasonably probable the jury would have reached a different decision on the charges against defendant if Rentas had testified or his statement was introduced as evidence. The court should consider whether it is reasonably probable the jury still would have found Fidalgo's identification of defendant as the driver credible.

We note that on appeal, defendant has not preserved any argument regarding the PCR court's determination that defendant's other claims were barred by Rule 3:22-4. Therefore, any claim that the PCR court erred in addressing these claims is deemed waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001).

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION