**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5432-17T2
      A-0943-18T2

PARKE BANK,

  Plaintiff-Respondent,

v.

2820 MT. EPHRAIM AVENUE,
LLC, JOHN A. CALZARETTO,
and KEITH LUDWICK,

  Defendants-Appellants,

and

HADDON FARMERS MARKET,
LLC, LSQ BEVERAGE CO., INC.,
ANTHONY CALZARETTO,
WILLIAM EPP, and JOHN DINASO,

  Defendants.

_____

PARKE BANK,

  Plaintiff-Respondent,

v.

2820 MT. EPHRAIM AVENUE,

LLC, HADDON FARMERS
MARKET, LLC, LSQ BEVERAGE
CO., INC., ANTHONY CALZARETTO,
WILLIAM EPP, JOHN DINASO
and KEITH LUDWICK,

    Defendants,

and

JOHN A. CALZARETTO,

    Defendant-Appellant.

_____

> Submitted April 3, 2019 – Decided May 3, 2019
>
> Before Judges Nugent and Reisner.
>
> On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3553-14.
>
> Mark S. Cherry, attorney for appellants 2820 Mt. Ephraim Avenue and Keith Ludwick in A-5432-17.
>
> John A. Calzaretto, appellant pro se in A-5432-17 and in A-0943-18.
>
> Dembo, Brown & Burns, LLP, attorneys for respondent (Michael E. Brown, of counsel and on the briefs in A-5432-17; Kyle F. Eingorn, of counsel and on the briefs in A-0943-18).

PER CURIAM

These two appeals, which we have consolidated for purposes of this opinion, arise from plaintiff Parke Bank's efforts to collect on a Law Division

judgment, entered after the borrower defaulted on a commercial real estate loan. In A-5432-17, defendants 2820 Mt. Ephraim Avenue, LLC (Mt. Ephraim), John Calzaretto, and Keith Ludwick (collectively, defendants) appeal from a June 18, 2018 order denying their motion to mark the Law Division judgment against them as satisfied, discharged, or released. In A-0943-18, John Calzaretto (Calzaretto) appeals from a September 17, 2018 order for payment out of income, requiring him to pay $5,254.05 per month to Parke Bank (the bank) to satisfy the remaining balance of the Law Division judgment. We affirm the orders on appeal in both cases.

## I. A-5432-17

As noted, in A-5432-17, defendants appeal from a June 18, 2018 order entered by the Law Division, denying their motion to mark the judgment satisfied.[1] The tortured history of the litigation is set forth in detail in Judge Daniel A. Bernardin's oral opinion issued June 18, 2018. A brief summary will suffice here.

---

[1] Defendants' brief identifies several prior orders, going back to December 19, 2014, as being involved in the appeal. However, those orders are not listed in the notice of appeal, and an appeal from those prior orders is not properly before us. See R. 2:5-1(e)(3)(i).

There is no dispute that the bank gave Mt. Ephraim a loan secured by a mortgage on commercial property. Calzaretto personally guaranteed the loan. After the borrower defaulted on the loan, the bank filed a collection action in the Law Division and a foreclosure action in the Chancery Division. In the foreclosure action, the Chancery Division appointed a receiver in 2014. On June 10, 2016, the Chancery Division entered an order authorizing the receiver to sell the property, over defendants' objections. The Chancery Division subsequently entered an amended order in 2017, permitting the receiver to sell the property for an adjusted sale price. Defendants once again objected; the court rejected their arguments and later denied their reconsideration motion.

Meanwhile, the Law Division entered judgment against defendants by default on January 9, 2015. Defendants did not appeal from that final judgment. In October 2015, they filed an order to show cause seeking to vacate the judgment and seeking to assert a counterclaim against the bank and the receiver. The Law Division denied that application and denied defendant's motion to reconsider the denial. Defendants did not appeal from any of those orders. Instead, as noted above, they filed motions in the Chancery Division, seeking to attack the order permitting the sale. The Chancery Division denied those applications.

After filing a bankruptcy petition in June 2017, defendants also attacked the judgment in the bankruptcy court, presenting the same arguments they previously raised in the Law Division and Chancery Division. The bankruptcy judge nonetheless granted plaintiff's motion to lift the automatic stay. Instead of challenging that order in federal court, defendants dismissed the bankruptcy petition. The Chancery-appointed receiver completed the sale of the property on August 29, 2017.

Defendants then filed a motion in the Law Division for an order declaring plaintiff's money judgment satisfied. In a lengthy oral opinion, Judge Bernardin concluded that defendants' arguments had been previously raised and rejected in the foreclosure case and in prior Law Division motions, and the arguments were barred by the doctrines of res judicata, collateral estoppel, and law of the case. Judge Bernardin denied the motion by order dated June 18, 2018, and this appeal followed.

On this appeal, defendants present the following points of argument:

> I. LEGAL ARGUMENT – STANDARD OF REVIEW
>
> II. THE LOWER COURT'S JUNE 18, 2018 DECISION FAILS TO APPLY THE DOCTRINE OF MITIGATION OF DAMAGES TO THE FACTS SURROUNDING RESPONDENT'S MARCH 2014 FAILURE AND REFUSAL TO MITIGATE ITS

DAMAGES BY REJECTING PETITIONER'S OFFER TO FULLY PAY OFF RESPONDENT'S LOAN AT THE TIME OF THE INITIAL DEFAULT.

III. THE LOWER COURT'S JUNE 18, 2018 DECISION FAILS TO APPLY THE DOCTRINE OF MITIGATION OF DAMAGES TO THE FACTS SURROUNDING RESPONDENT'S APRIL 2016 FAILURE AND REFUSAL TO MITIGATE ITS DAMAGES BY REJECTING A LOAN AND JUDGMENT PURCHASE IN THE NET AMOUNT OF $3,900,000 AND INSTEAD INTENTIONALLY, WILLFULLY, AND M[A]LICIOUSLY DEFAMING PETITIONER JOHN CALZARETTO, CPA, JD AND TORTIOUSLY INTERFERING WITH THE PETITIONER BORROWER'S CONTRA[C]TUAL RELATIONSHIP WITH ITS LENDER.

IV. THE LOWER COURT'S JUNE 18, 2018 DECISION FAILS TO APPLY THE DOCTRINE OF MITIGATION OF DAMAGES TO THE FACTS SURROUNDING RESPONDENT'S APRIL 2016 FAILURE AND REFUSAL TO MITIGATE ITS DAMAGES IGNORING A $5,700,000 EXECUTED CONTRACT OF SALE GIVEN BY MOSAIC DEVELOPMENT PARTNERS LLC; FAILING AND REFUSING TO EVEN CONTACT THE CONTRACT PURCHASER.

V. THE LOWER COURT'S JUNE 18, 2018 DECISION FAILS TO APPLY THE DOCTRINE OF MITIGATION OF DAMAGES TO THE FACTS SURROUNDING RESPONDENT'S APRIL OF 2017 FAILURE AND REFUSAL TO MITIGATE ITS DAMAGES BY ONCE AGAIN FAILING AND REFUSING TO ACCEPT PAYMENT IN THE NET AMOUNT THAT REACHED $4,000,000 OFFERED

6

BY THE PETITIONERS' RELATED PARTY BUYER, BLACK HORSE PLAZA ASSOCIATES LLC.

VI. THE LOWER COURT'S JUNE 18, 2018 DECISION FAILS TO APPLY THE DOCTRINE OF MITIGATION OF DAMAGES TO THE FACTS SURROUNDING RESPONDENT'S SUPPORT OF RECEIVER'S AND THEIR JOINT ATTORNEYS' FAILURE AND REFUSAL TO MITIGATE ITS DAMAGES BY FAILING AND REFUSING TO ACT AS A REASONABLY PRUDENT OWNER.

VII. THE COMPUTATION

As previously noted, the only issue properly before us on this appeal is the validity of the June 18, 2018 Law Division order, as that was the only order listed in defendants' notice of appeal. See R. 2:5-1(e)(3)(i); 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004). We agree with Judge Bernardin that defendants' attacks on the underlying judgment, and on plaintiff's right to collect it, were barred by the doctrines of res judicata, collateral estoppel, and law of the case. As a result, the judge properly denied defendants' application for an order declaring the judgment satisfied. Defendants' appellate arguments are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons stated in Judge Bernardin's thorough opinion.

A-5432-17T2

## II.  A-0943-18

In A-0943-18, defendant John Calzaretto appeals from a September 17, 2018 Law Division order for payments out of his income, in the monthly amount of $5,254.05.  See N.J.S.A. 2A:17-64 (authorizing the court to direct a judgment debtor to pay the judgment in installments out of his or her income).  As previously noted, Calzaretto personally guaranteed the commercial loan involved in the companion appeal.  The issue on this appeal is whether the court erred in enforcing the judgment against Calzaretto by including, in the monthly payment amount, ten percent of the gross monthly income of his solely-owned accounting firm, Calzaretto & Company, LLC (the LLC).

We previously remanded this case for a statement of reasons, because the original motion judge (not Judge Bernardin) did not make sufficient findings of fact to support his decision as to the amount of the monthly payment.  Parke Bank v. 2820 Mt. Ephraim Avenue, LLC, No. A-4164-15 (App. Div.  Oct. 12, 2017).  On remand, the matter was reassigned to Judge Bernardin, who directed plaintiff to refile its motion.  The parties agreed he could decide the amount of the monthly payment without a plenary hearing, based solely on financial documents and other materials they had submitted.

8

Based on the evidence, including an unfiled version of defendant's 2014 tax return[2], Judge Bernardin found that the firm's gross income was almost half a million dollars a year. But Calzaretto argued that the judge should base the monthly payment amount on the firm's "net profits," which he claimed were zero. In his September 17, 2018 oral opinion, Judge Bernardin rejected that argument. The judge found that defendant admitted intentionally structuring his finances so as to render himself judgment-proof, putting all of his assets in his wife's name and causing his various LLCs to pay the wife "a monthly management fee." The judge further found evidence that defendant had abused the corporate form. The judge concluded that the calculation should be based on the LLCs gross income, not its alleged net income. However, the judge limited the monthly payments to ten percent of Calzaretto's total gross income, pursuant to the wage execution statute, N.J.S.A. 2A:17-56. See Zavodnick v. Leven, 340 N.J. Super. 94 (App. Div. 2001).

Noting that defendant was still liable for the $1.6 million judgment, the judge rejected defendant's argument that our remand somehow entitled him to a refund of amounts he had previously paid.

---

[2] At his deposition, defendant admitted that he prepared the document for purposes of this litigation and had not filed it with the Internal Revenue Service.

On this appeal, defendant presents the following points of argument:

I. LEGAL ARGUMENT – STANDARD OF REVIEW.

II. THE TRIAL COURT'S SEPTEMBER 17, 2018 ORDER IGNORES, DENIES AND VIOLATED THE DEFENDANT/PETITION[ER]'S RIGHTS UNDER NEW JERSEY STATE LAW AT N.J.S.A. 42:2C-1 ET SEQ., ZAVODNICK V. LEVEN, 340 N.J. SUPER. 94, 773 A.2D 1170 AS APPLIED TO N.J.S.A. 2A:17-56 AND, AS MAY BE APPLICABLE, FEDERAL LAW AT 15 U.S.C.A. Sec. 1573.

III. DUE TO THE APPE[LLA]TE COURT['JS OCTOBER 12, 2017 REVERSAL OF THE LOWER COURT['JS APRIL 15, 2016 ORDER PAYMENTS MADE BY DEFEN[D]ANT MUST BE RETURNED TO THE DEFENDANT.

We affirm substantially for the reasons stated in Judge Bernardin's opinion. Defendant's arguments are without sufficient merit to warrant discussion here, beyond the following brief comments. R. 2:11-3(e)(1)(E).

Judge Bernardin calculated defendant's total personal income, based on defendant's reported income from other sources plus the gross income of the LLC, which the judge deemed to be defendant's income. The judge used the total figure to calculate the ten-percent of income on which N.J.S.A. 2A:17-56 permits a judgment creditor to execute. On this record, we find no error in that calculation.

A-5432-17T2

Defendant, who exercised sole control of the LLC, which was his accounting firm, argued that his income should have been based on the firm's net profit, which he claimed was zero, although he admitted that its gross income was almost half a million dollars. The judge rejected that argument. The judge did not accept defendant's claim that the LLC made no profit, in light of evidence that defendant disregarded the corporate form, charged his personal expenses to the LLC, and admittedly structured his finances so as to appear judgment-proof. Defendant's appellate brief-in-chief does not deny, or even address, any of those factors, and his reply brief makes factual assertions without citations to the record. Contrary to defendant's argument, the judge did not permit plaintiff to interfere with the LLC's management in violation of N.J.S.A. 42:2C-43. Rather, the judge ordered defendant to pay the judgment out of his income.

Defendant's reliance on Zavodnick v. Leven, 340 N.J. Super. 94 (App. Div. 2001), is misplaced. Zavodnick does not address the treatment of income from a solely-owed LLC, nor does it address whether a wage execution is limited to the debtor's share of an LLC's net profits as opposed to gross profits. Zavodnick addressed a collection action directed at the defendant-attorney's share of net profits from a multi-attorney partnership. Analogizing an attorney's profit distribution to employee wages, the court held that absent a statutory

11

exception, a creditor could only collect ten percent of the attorney's profit distribution, pursuant to N.J.S.A. 2A:17-56.  Unlike this case, there was also no dispute in <u>Zavodnick</u> about the amounts the defendant was receiving from the partnership.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION