**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0401-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

HINA RABIA,

      Defendant-Appellant.

_____

Submitted January 21, 2021 – Decided  February 19, 2021

Before Judges Vernoia and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 15-06-0966.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Lillian Kayed, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Hina Rabia appeals from an order denying her post-conviction relief (PCR) petition which sought the reversal of her conviction for third-degree arson, N.J.S.A. 2C:17-1(b)(1). The court denied the petition without an evidentiary hearing, finding defendant failed to establish a prima facie case of ineffective assistance of her plea counsel under the two-pronged standard established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Having considered defendant's arguments, the record, and the applicable legal principles, we are convinced the PCR court correctly denied the petition and we affirm.

I.

A grand jury charged defendant in an indictment with second-degree aggravated arson, N.J.S.A. 2C:17-1(a)(1), and alleged she started a fire in her room at a motel and "purposely and/or knowingly plac[ed] other . . . residents" of the motel "in danger of death or bodily injury." Represented by counsel, defendant negotiated a plea agreement permitting her to plead guilty to a reduced charge of third-degree arson, N.J.S.A. 2C:17-1(b)(1), in exchange for the State's recommendation that she receive a probationary sentence.

A-0401-19

During the plea proceeding, the court questioned defendant concerning the immigration consequences of her plea. Defendant testified she was not a United States citizen and she understood she "could be deported" as a result of her plea. She also testified she understood that, as a result of her plea, she might be prevented from returning to the United States if she left the country. Defendant said she understood that she had "the right to speak to an immigration attorney" about the consequences of her plea, but she opted to forego that opportunity and proceed with the plea proceeding.[1]

Plea counsel informed the court that he had conferred with another attorney in his office about the immigration consequences of the plea, and that he advised defendant "there are no immigration consequences" from the plea "relative to her legal status so she will remain as having legal status." The court advised defendant that despite plea counsel's statements concerning the effect of the plea on her immigration status, it did not have authority to determine if defendant would be deported. The court advised defendant she "could possibly

_____

[1] Defendant also testified that she reviewed the plea form with her counsel and he answered all of her questions about the form. On the completed and signed plea form, defendant responded affirmatively to Question 17(b) which asks, "Do you understand that if you are not a citizen of the United States, this guilty plea may result in your removal from the United States and/or stop you from being able to legally enter or re-enter the United States?"

A-0401-19

be deported" as a result of the plea. In response, defendant testified that she "wish[ed] to be deported" and "will go back," and that she was "guilty" of the arson and was "trying to deport." The court reminded defendant that any decision concerning the immigration consequences of her plea, including possible deportation, would be made by a different court in another proceeding.

Defendant also provided a factual basis for her plea. She testified that in January 2015, she resided at a motel and started a fire in her room by lighting a chair on fire. Defendant admitted that when she started the fire, she was aware there were other people living in, and staying at, the motel. Defendant explained that she intended to start the fire because she felt "helpless" and wanted to harm herself, and that starting the fire was "reckless" because the fire "could have injured other people" in the motel. The court accepted defendant's guilty plea and later sentenced her to a three-year probationary term in accordance with the plea agreement.

Defendant subsequently filed a timely pro se PCR petition, claiming her plea counsel was ineffective because she "did not know [she] would be removed from the [United States] despite being a legal permanent resident, just because [she] left the [United States] after [her] probation was over." In an amended verified petition, defendant asserted she was innocent of the arson offense to

4

A-0401-19

which she pleaded because she was not aware that her "actions would hurt anyone . . . but [her]self."  Defendant stated she suffered from depression when the incident took place, and she did not "believe [she] was cognizant of [her] conduct" because she "was not taking prescription medicine to combat [her] illness."

Defendant further asserted that "nothing at all was discussed with" plea counsel about the immigration consequences of her plea.  She also averred that she had been a "permanent residence green card holder," and she contacted plea counsel after completing her probationary sentence and asked counsel "if it was permissible to leave the United States to visit the count[r]y of [her] origin, Pakistan."  Defendant asserted that plea counsel told her "it was permissible to do so," but after she returned from Pakistan her "green card [was] taken."  Defendant explained that she then contacted plea counsel again, and he told her "he was wrong in telling [her] it was permissible to leave the United States."  Defendant stated that "[h]ad [she] known this information during the time of the pending criminal charges, [she] would not have plead[ed] guilty but would have" proceeded to trial.

After hearing argument, the court denied the PCR petition.  In pertinent part, the court reasoned that even if plea counsel provided incorrect advice

concerning the immigration consequences of the plea, defendant failed to demonstrate that but for the error there is a reasonable probability she would have rejected the plea offer and proceeded to trial.[2] The court noted that during the plea proceeding defendant testified she "wish[ed] to be deported," "look[ed] to go back to her country of origin," and said she was "guilty" and "trying to deport." The court found defendant's testimony inconsistent with her claim that but for plea counsel's allegedly incorrect advice, she would have rejected the plea and proceeded to trial. The court concluded defendant failed to sustain her burden of establishing she suffered any prejudice from plea counsel's allegedly incorrect advice about the immigration consequences of her plea.

The court also rejected defendant's claim that plea counsel was ineffective by failing to pursue a diminished capacity defense due to defendant's alleged mental health issues. The court noted that at the outset of the plea proceeding, plea counsel represented that an incompetency defense had been considered,

---

[2] We do not address the PCR court's rejection of defendant's other arguments supporting her PCR petition—including claims plea counsel should have moved to dismiss the arson charge and erred by permitting her to plead guilty to arson because she did not have the requisite mens rea—because defendant does not challenge the court's determinations on those issues on appeal. Issues not briefed on appeal are deemed waived. Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008); Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001).

defendant underwent a psychiatric evaluation that confirmed her competency to stand trial, and defendant advised counsel she did not want to assert a not-guilty-by-reason-of-insanity defense to the arson charge and instead opted to plead guilty to the amended third-degree arson charge. The court explained that although plea counsel did not make specific reference to a diminished capacity defense, his representations suggested that defendant opted not to defend the matter based on any alleged mental health or diminished capacity issues. The court also found that even if plea counsel erred by failing to assert a diminished capacity defense, defendant did not demonstrate that but for the error there is a reasonable probability she would have rejected the plea agreement and proceeded to trial.

The court determined defendant failed to establish a prima facie case of ineffective assistance of counsel and entered an order denying the PCR petition without an evidentiary hearing. This appeal followed.

Defendant presents the following argument for our consideration:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIM THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INFORM HER ADEQUATELY OF HER DEFENSES AND OF THE DEPORTATION CONSEQUENCES

OF HER PLEA SO THAT SHE COULD MAKE AN INFORMED DECISION ABOUT PLEADING GUILTY OR PROCEEDING TO TRIAL.

## II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421. We apply these standards here.

In Strickland, the Supreme Court adopted a two-pronged test for a determination of a PCR claim founded on an alleged ineffective assistance of counsel. 466 U.S. at 687. First, a petitioner must show counsel's performance "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88. Second, a "defendant must show that the deficient performance prejudiced the defense." Id. at 687. There must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

8

To satisfy the second prong of the <u>Strickland</u> standard where a defendant seeks to set aside a conviction based on guilty plea, he or she must also "convince the court that a decision to reject the plea bargain" and proceed to trial "would have been rational under the circumstances." <u>State v. Maldon</u>, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting <u>Padilla v. Kentucky</u>, 559 U.S. 356, 372 (2010)). That determination must be "based on evidence, not speculation." <u>Ibid.</u>

Defendant argues the court erred by denying her petition without an evidentiary hearing. An evidentiary hearing on a PCR petition should be granted only when a defendant presents a prima facie case for PCR, the court determines the existing record is not adequate for resolving the claim, and the court determines an evidentiary hearing is required. <u>State v. Porter</u>, 216 N.J. 343, 354 (2013) (quoting <u>R.</u> 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" <u>Id.</u> at 355 (quoting <u>R.</u> 3:22-10(b)).

Factual assertions supporting a prima facie case "must be made by an affidavit or certification pursuant to <u>Rule</u> 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing."

A-0401-19

R. 3:22-10(c); see also State v. Jones, 219 N.J. 298, 312 (2014). "[A] defendant is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative . . . .'" Porter, 216 N.J. at 355 (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

The court correctly denied defendant's petition without an evidentiary hearing on her claim plea counsel was ineffective by providing incorrect legal advice on the immigration consequences of her plea. Defendant was not entitled to an evidentiary hearing because she failed to sustain her burden of presenting competent evidence establishing a prima facie case of ineffective assistance of plea counsel under the Strickland standard. See State v. Nash, 212 N.J. 518, 542 (2013) (explaining a failure to satisfy both prongs of the Strickland standard requires denial of a PCR petition).

In the first instance, defendant failed to make any showing plea counsel's advice concerning the consequences of her plea was incorrect. Her amended petition alleged facts permitting only speculation about whether plea counsel's advice was incorrect. She asserted that after she returned from a trip to Pakistan, her status as a "permanent residence green card holder" was "rescinded," but she did not assert any facts establishing the reason for the rescission of her immigration status was her plea to, and conviction of, the arson. She does not

provide any evidence establishing the actual reason for the change in her immigration status. Thus, the premise for defendant's ineffective assistance of counsel claim—that plea counsel provided inaccurate advice concerning the immigration consequences of her plea—finds no competent evidentiary support in the record.

It appears that before the PCR court, defendant claimed that plea counsel's advice was incorrect because, contrary to his statement that her plea would not affect her immigration status, she was deportable under 8 U.S.C. § 1227(a)(2)(A)(i). The statute provides that

> [a]ny alien who—
>
> (I) is convicted of a crime involving moral turpitude committed within five years (or [ten] years in the case of an alien provided lawful permanent resident status under section 245(j) [of this title]) after the date of admission, and
>
> (II) is convicted of a crime for which a sentence of one year or longer may be imposed,
>
> is deportable.
>
> [8 U.S.C. § 1227(a)(2)(A)(i).]

As noted by the PCR court, although defendant pleaded guilty to a crime for which a sentence of one year or longer may be imposed, she did not present any evidence establishing that she was otherwise deportable under the statute

11

and, concomitantly, that her plea counsel's advice was erroneous. More particularly, the record lacked any evidence defendant was convicted of an offense that qualified her for deportation based on the time limitations set forth in subsection I of the statute. Thus, she failed to present evidence permitting a determination she is deportable under the statute, and she therefore did not establish that plea counsel's immigration advice was incorrect.

On appeal, defendant argues plea counsel's immigration advice was incorrect, but she fails to cite to any evidence or legal authority establishing the advice was erroneous as a matter of fact and law. She therefore failed to sustain her burden of establishing plea counsel erred by advising that her plea would not have immigration consequences. Because she failed to establish the first prong of the Strickland standard on the claim, the court correctly rejected the claim without an evidentiary hearing. See Nash, 212 N.J. at 542.

Even if it is assumed that plea counsel's immigration advice was incorrect, defendant's PCR claim fails under Strickland's second prong. Defendant's petition and amended petition do not demonstrate there is a reasonable probability that she would have rejected the plea offer but for her counsel's alleged errors. See Maldon, 422 N.J. Super. at 486. Indeed, other than her bald assertion she would not have pleaded guilty but for her counsel's allegedly

12

inaccurate advice, defendant failed to provide any facts or evidence addressing Strickland's second prong. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining "bald assertions" are insufficient to sustain a defendant's burden of establishing a prima facie case of ineffective assistance of counsel under the Strickland standard).

Moreover, as the PCR court correctly noted, the record undermines any claim that but for plea counsel's purported erroneous immigration advice, defendant would have rejected the plea offer and proceeded to trial. As noted, defendant testified during the plea proceeding that she wanted to be deported. That testimony, which defendant offered when the court said she might be deported as a result of her plea, belies her assertion that she would have rejected the plea and proceeded to trial if her attorney had not given the purported incorrect immigration advice.

Defendant also failed to present any evidence that but for her counsel's erroneous advice about immigration, it would have been rational for her to reject the plea offer and proceed to trial. See ibid. Most simply stated, defendant failed to address this element of her burden under the second prong of the Strickland standard.

A-0401-19

We also note that defendant was charged with second-degree arson. If convicted, she was subject to a presumption of incarceration, N.J.S.A. 2C:44-1(d), and a prison term of between five and ten years, see N.J.S.A. 2C:43-6(a)(2) (providing a sentencing range of five to ten years for a second-degree offense), during which she would have been required to serve eighty-five percent without eligibility for parole under the No Early Release Act, N.J.S.A. 2C:43-7.2(d)(11). Following her release, defendant would have then been subject to three years of parole supervision. N.J.S.A. 2C:43-7.2(c). She does not dispute she started the fire, and she testified at her plea proceeding that she did so knowing other people were in the motel and could have been injured. Those facts support a conviction for second-degree aggravated arson. See N.J.S.A. 2C:17-1(a)(1) (providing a person is guilty of second-degree aggravated arson if he or she starts a fire on another's property thereby "knowingly placing another person in danger of death or bodily injury"). Nonetheless, plea counsel negotiated the very favorable plea agreement that defendant sought, a plea to third-degree arson with service of a probationary sentence.

Defendant failed to demonstrate that it would have been rational to reject the plea offer and proceed to trial but for her counsel's alleged erroneous immigration advice. She therefore failed to sustain her burden under the second

A-0401-19

prong of the <u>Strickland</u> standard, <u>see</u> <u>Maldon</u>, 422 N.J. Super. at 486, and the court correctly rejected the ineffective assistance of counsel claim without an evidentiary hearing, <u>see</u> <u>Nash</u>, 212 N.J. at 542.

In her brief on appeal, defendant also argues plea counsel's performance was deficient because he "failed to inform [defendant]" about a diminished capacity defense. The argument lacks any citation to evidence establishing plea counsel failed to inform defendant about the defense, and the arguments of counsel do not establish facts supporting a PCR petition. <u>See generally</u> <u>R.</u> 3:22-10(c) (providing that factual assertions relied on in a PCR petition must be supported by an affidavit or certification); <u>see also</u> <u>Jones</u>, 219 N.J. at 312.

Defendant's claim also finds no support in the record. Defendant's submissions to the court did not establish that plea counsel failed to consider, or discuss with her, a diminished capacity defense. Defendant did not submit an affidavit or certification stating her plea counsel failed to discuss the defense with her, and the PCR petition and amended petition do not aver that plea counsel failed to consider the defense or discuss it with her. <u>See</u> <u>Cummings</u>, 321 N.J. Super. at 170 (explaining the facts supporting a PCR petition must be "supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification"). In other words, we reject

15

defendant's argument that her counsel was ineffective by failing to discuss a diminished capacity defense because there is no evidence plea counsel failed to discuss the defense with her.

Defendant also did not demonstrate plea counsel's performance was deficient by his alleged failure to discuss the defense with her because there is no evidence establishing defendant's entitlement to the defense. A defense counsel is not ineffective by failing to raise meritless legal arguments or defenses. State v. Worlock, 117 N.J. 596, 625 (1990). And here, defendant fails to demonstrate there was an evidential basis supporting the diminished capacity defense she contends plea counsel failed to consider or discuss with her.

A defendant asserting a diminished capacity defense carries the initial burden of "present[ing] evidence of a mental disease or defect that interferes with cognitive ability sufficient to prevent or interfere with the formation of the requisite intent or mens rea[,]" and "evidence that the claimed deficiency did affect the defendant's cognitive capacity to form the mental state necessary for the commission of the crime." State v. Baum, 224 N.J. 147, 160-61 (2016) (second alteration in original) (quoting State v. Galloway, 133 N.J. 631, 647 (1993)). In support of her PCR petition, defendant did not present any evidence establishing a basis for the assertion of a meritorious diminished capacity

16

defense. She offered no expert opinion that, at the time of the incident, she suffered from a mental disease or defect that interfered with her cognitive abilities. Instead, defendant offered nothing more than conclusory assertions that she suffered from depression and she "believe[d] she was not cognizant of her conduct" due to her failure to take prescription medicine. She did not provide competent expert testimony supporting a meritorious diminished capacity defense, and she therefore failed to demonstrate plea counsel's performance was deficient by allegedly failing to discuss it with her. The law is "clear that . . . purely speculative deficiencies in representation are insufficient to justify reversal." Fritz, 105 N.J. at 64; see also State v. Arthur, 184 N.J. 307, 327-28 (2005).

Defendant also failed to satisfy the second Strickland prong on her claim plea counsel did not discuss the diminished capacity with her. Defendant makes no showing that but for plea counsel's alleged error, there is a reasonable probability that she would have rejected the plea offer and proceeded to trial, and that it would have been rational for her to have done so. See Maldon, 422 N.J. Super. at 486. The PCR court therefore correctly denied the claim without an evidentiary hearing. See Nash, 212 N.J. at 542.

A-0401-19

To the extent we have not expressly addressed any other arguments made on defendant's behalf, they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0401-19