**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2502-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHANCE L. HARMON,

    Defendant-Appellant.

_____

Submitted April 13, 2021 – Decided May 4, 2021

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-05-1220.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Kevin J. Hein, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Chance L. Harmon appeals from an August 3, 2018 order issued by Judge Gwendolyn Blue denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

Defendant, who was seventeen years old at the time he committed the underlying offenses was waived to adult court after a hearing. He was subsequently charged by a Camden County grand jury in a five-count indictment with: first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2) (count one); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); third-degree terroristic threats, N.J.S.A. 2C:12-3(b) (count four); and third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(2), (3) (count five).

Prior to trial, defendant underwent a competency examination conducted by Christine Joseph, Ph.D. In addition to interviewing defendant, Dr. Joseph considered the extensive discovery materials in the case, as well as defendant's prior psychiatric, school, and medical records, and also performed a competency skills assessment.

2

Dr. Joseph diagnosed defendant with cannabis abuse, a learning disorder, and behavioral control problems. She also noted that defendant underwent an intellectual assessment when he was sixteen which concluded that he possessed a full-scale IQ of sixty-seven, placing him at the high end of the "[m]ild [m]ental [r]etardation range." Dr. Joseph noted, however, that the psychologist who performed the prior assessment commented that it did not appear defendant was "motivated to perform well during testing and although there [was] evidence that he had learning problems throughout school, [his] opinion was that his actual intellectual abilities f[e]ll in the [b]orderline range . . . or higher." To this point, the psychologist considered the evaluation "to be an underestimation of his cognitive functioning."

Dr. Joseph concluded that defendant was competent, understood the charges against him, and had the ability to participate in an adequate presentation of his defense. The court agreed with Dr. Joseph and deemed defendant competent to stand trial.[1]

At trial, the State presented evidence that defendant fatally shot the victim seven times at close range after learning that the victim was in a relationship with a woman with whom defendant had a prior sexual relationship. The

---

[1] Defendant has not provided us with a transcript of the competency proceeding.

A-2502-19

shooting was witnessed by four of the victim's friends who positively identified defendant as the shooter, both to the police and at trial. At trial, defendant contended the State failed to establish beyond a reasonable doubt that he was the killer.

At the conclusion of the State's case, the judge granted defendant's motion to dismiss counts four and five of the indictment. The jury then found defendant guilty of counts one, two, and three. We affirmed defendant's convictions, but remanded for a new sentencing hearing. State v. Harmon, No. A-3338-12 (App. Div. June 3, 2015). The Supreme Court denied defendant's petition for certification. State v. Harmon, 223 N.J. 404 (2015).

On remand, after considering and weighing the applicable aggravating and mitigating factors, Judge Blue, who was also the trial judge, resentenced defendant to a forty-year aggregate prison term. On February 8, 2016, defendant filed a pro se petition for PCR alleging ineffective assistance of counsel for failing to obtain affidavits from additional witnesses and appeal his resentencing.

Judge Blue granted his petition in part, permitting defendant to appeal issues related to his resentencing, and provided him thirty days from the completion of appeal to reinstate his PCR petition and raise any remaining

4

ineffective assistance of counsel arguments. We considered defendant's appeal and affirmed, finding his sentence was not manifestly excessive or unduly punitive. State v. Harmon, No. A-3978-16 (App. Div. Dec. 5, 2017). Defendant subsequently reinstated and amended his PCR petition.

In his amended PCR petition, defendant alleged that his trial counsel was ineffective for failing to: 1) investigate and assert a diminished capacity defense, 2) communicate and visit with him when he was detained, 3) poll the jury after the verdict, 4) investigate and present mitigating factors at resentencing, and 5) obtain affidavits from adverse witnesses. He also claimed the court improperly answered a question during deliberation with respect to his "state of mind."

Judge Blue issued an oral opinion and order denying defendant's PCR petition without an evidentiary hearing. Applying the well-recognized two-prong test to establish ineffectiveness of counsel, Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987), the judge found there was no prima facie claim that trial counsel's performance was deficient or that the alleged deficient performance prejudiced his defense.

Judge Blue rejected defendant's argument that his trial counsel was ineffective for failing to pursue a diminished capacity defense. The judge

explained that defendant failed to satisfy prong one of the Strickland/Fritz test because he failed to provide an affidavit or competent evidence that he suffered from a mental condition that would support a diminished capacity defense. Before reaching this conclusion, the judge exhaustively reviewed and considered Dr. Joseph's report and determined it did not establish that defendant suffered from "any type of psychiatric or mental health conditions."

The judge similarly rejected defendant's claim that his trial counsel was constitutionally ineffective for failing to communicate or visit with him. Judge Blue characterized defendant's contention as an unsupported "blanket" allegation. The judge specifically noted numerous instances when counsel requested trial adjournments to confer with defendant, including when counsel visited defendant in his holding cell during the trial proceedings. The judge also noted that at no point during the trial or remanded proceedings did defendant complain about his trial counsel's performance, including any purported lack of communication. Further, Judge Blue found that based on the trial record, defendant and counsel specifically discussed what the judge characterized as an alibi defense.

Judge Blue also concluded that even assuming counsel's failure to communicate with him constituted ineffective assistance of counsel under prong

one, defendant failed to establish that he suffered any prejudice because he did not identify specifically any action counsel should have taken. Because no prima facie claim of ineffective assistance of counsel was established, the judge applied State v. Preciose, 129 N.J. 451, 463 (1992), and concluded defendant was not entitled to an evidentiary hearing.

In his appeal to us, defendant raises only two of the arguments he made before Judge Blue.[2] Specifically, he contends:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIV[E]NESS.
>
> A. Trial Counsel Failed To Pursue A Diminished Capacity Defense.
>
> B. Trial Counsel Failed To Adequately Communicate With Defendant, Including Never Visiting Him In Jail And Not Sending Him A Copy of Discovery.

We disagree with defendant's contentions and affirm substantially for the reasons set forth by Judge Blue in her comprehensive and thorough August 3,

---

[2] We accordingly do not address Judge Blue's rejection of defendant's other arguments because defendant does not challenge the court's determinations on those issues on appeal. Issues not briefed on appeal are deemed waived. Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008); Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001).

A-2502-19

2018 oral decision. We provide the following comments to amplify our decision.

A claim for ineffective assistance of counsel must satisfy the two-part test pronounced in Strickland by first demonstrating that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; see also Fritz, 105 N.J. at 58. A defendant must overcome a strong presumption that counsel rendered reasonable professional assistance. Strickland, 466 U.S. at 689. Under the second prong, a defendant must demonstrate a "reasonable probability" that his counsel's errors prejudiced the defense such as to deprive defendant of a fair and reliable outcome. Strickland, 466 U.S. at 687, 694.

A defendant bears the burden of introducing evidence of mental disease or defect. State v. Baum, 224 N.J. 147, 161 (2019). Diminished capacity is defined as:

> Evidence that the defendant suffered from a mental disease or defect is admissible whenever it is relevant to prove that the defendant did not have a state of mind which is an element of the offense. In the absence of such evidence, it may be presumed that the defendant had no mental disease or defect which would negate a state of mind which is an element of the offense.
>
> [N.J.S.A. 2C:4-2.]

A-2502-19

Diminished capacity does not "excuse the defendant from criminal responsibility" but rather "negate[s] a mental element of the crime charged, thereby exonerating the defendant of that charge." State v. Breakiron, 108 N.J. 591, 601 (1987) (citations omitted). "Diminished capacity is a 'failure of proof' defense [meaning that] evidence of defendant's mental illness or defect serves to negate the mens rea element of the crime." State v. Reyes, 140 N.J. 344, 354 (1995) (citation omitted).

Here, defendant's claim that his trial counsel was ineffective for failing to pursue a diminished capacity defense finds no support in the record. Defendant's amended petition merely states in conclusory fashion that counsel was ineffective for "failing to investigate the defense of diminished capacity." Defendant does not even allege, let alone provide factual support, by way of affidavit, competent medical evidence, or expert opinion, that, at the time of the incident, he suffered from an acute or chronic mental disease or defect that negated his state of mind necessary to commit the offenses charged. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining the facts supporting a PCR petition must be "supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification").

9

Rather, defendant relied solely on Dr. Joseph's report, prepared in the context of his competency proceeding, which makes no mention of whether defendant's mental state was sufficiently impaired at the time he committed the offense to support a diminished capacity defense. Although Dr. Joseph's review of defendant's medical history contained an embedded hearsay report of an exam conducted nearly a year prior to the offenses, which placed defendant at the high end of mild mental retardation, Dr. Joseph concluded that defendant showed no evidence of "emotional lability" and did not exhibit "overt signs or symptoms related either [of] a mood disorder or a psychotic disorder." According to Dr. Joseph, defendant denied being paranoid or having auditory or visual hallucinations. Further, as noted, the prior assessment explained that defendant did not "appear motivated to perform well during testing."

Moreover, defendant's primary defense during trial, by way of extensive cross-examination of the multiple eyewitnesses, was that the State failed to establish he killed the victim. A diminished capacity defense, however, is based on the factual predicate that defendant committed the offense but did not possess the requisite mens rea to establish his guilt. Here, defendant fails to explain how his counsel was deficient for pursuing one defense over the other. It is well settled that "purely speculative deficiencies in representation are insufficient to

10

justify reversal." Fritz, 105 N.J. at 64; see also State v. Arthur, 184 N.J. 307, 327-28 (2005).

III.

We also agree with Judge Blue that defendant failed to establish a prima facie case of ineffective assistance of counsel related to his claims that counsel inadequately communicated with him. First, Judge Blue noted that the record contradicted defendant's claim, specifically noting that defendant spoke with counsel regarding his defense, and observed the numerous times counsel sought adjournments to communicate with defendant along with those instances he visited with defendant during trial.

Second, even were we to indulge defendant's claim that he satisfied the first prong of the Strickland/Fritz test, we agree with the judge that defendant failed to establish he was in any way prejudiced by such ineffectiveness had counsel met with him more frequently. His petition contains bare bones assertions and fails to identify any witnesses, evidence, or arguments that show a "reasonable probability" the outcome of his proceedings would have been different. Strickland, 466 U.S. at 694; see also Cummings, 321 N.J. Super. at 170. Judge Blue therefore correctly denied the claim without an evidentiary hearing. See Preciose, 129 N.J. at 462.

11

To the extent we have not expressly addressed any of defendant's remaining arguments, it is because we have concluded they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION